

1  Ekwan E. Rhow - State Bar No. 174604
      eer@birdmarella.com
2  David I. Hurwitz - State Bar No. 174632
      dih@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
7  Attorneys for Defendant VIZIO, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                        *SA* CV14-876- DOC ANX*

11  KIRK HINSHAW individually, and on       CASE NO.
    behalf of all persons similarly situated,
12                                           CLASS ACTION
            Plaintiff,
13                                           NOTICE OF REMOVAL OF
        vs.                                  ACTION PURSUANT TO 28 U.S.C.
14                                           § 1441(b) (DIVERSITY
    VIZIO, Inc. and DOES 1 THROUGH           JURISDICTION)
15  100, inclusive,

16          Defendant.

17

18         Defendant VIZIO Inc. ("VIZIO"), pursuant to 28 U.S.C. § 1441, removes to

19  this Court the state action described below, which is within the original jurisdiction

20  of this Court and properly removed under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

21  PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

22         1.     On April 28, 2014, Plaintiff Kirk Hinshaw filed a purported class action

23  captioned Hinshaw v. VIZIO, Inc., Case No. 30-2014-00719115-CU-BT-CXC, in

24  the Superior Court of the State of California for the County of Orange (the "State

25  Court Action").

26         2.     VIZIO first received the initial pleading in the State Court Action when

27  it was served with the Summons and Complaint on May 8, 2014. This notice is

28  therefore timely pursuant to 28 U.S.C. § 1446(b).

3097461.1

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the process, pleadings, and orders served upon VIZIO in the State Court Action are attached to this Notice as Exhibit A.

4.      Plaintiff filed a First Amended Complaint ("FAC") on May 29, 2014. A true and correct copy of the FAC is attached to this Notice as Exhibit B.

5.      A true and correct copy of the Register of Actions from the Orange County Superior Court website is attached as Exhibit C.

6.      The Orange County Superior Court is located within the Central District of California. 28 U.S.C. § 84(d). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**NO JOINDER NECESSARY**

7.      Because there is no other defendant named in this action, no consent to removal is necessary.

**ALLEGATIONS OF THE COMPLAINT**

8.      This action is a putative class action against VIZIO on behalf of: "All Amazon Prime members residing in the United States who purchased a 2013 or 2014 model year Vizio television that was marketed as including an App that would access the Amazon instant video service." (FAC ¶ 2.) Plaintiff alleges that he purchased a VIZIO smart television with an Amazon Instant Video app and that this app did not function. (FAC ¶¶ 17-18.)

9.      The Complaint seeks, *inter alia*, damages, punitive damages, restitution, injunctive relief, accounting attorney's fees, interest, and costs. (FAC, Prayer for Relief.)

10.      VIZIO disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class members have been harmed.

**BASIS FOR REMOVAL**

11.      This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28

U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the plaintiff class is a citizen of a State different from any defendant. This action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

12.    Covered Class Action. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). (*See* FAC ¶ 8.)

13.    Class Action Consisting of More than 100 Members. VIZIO cannot ascertain exactly how many of the purchasers of its 2013 and 2014 televisions were Amazon Prime Members but states that the number of such persons exceeds 100. (Declaration of Rob Brinkman ¶ 5.) Accordingly, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

14.    Diversity. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff purports to represent a nationwide class. (FAC ¶ 2.) VIZIO is a corporation organized under the laws of California with its principal place of business in Irvine, California. Thus, the diversity requirements of CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

15.    The Complaint refers to possible Doe defendants, Nos. 1-100. No actual person, corporate or individual, has been served under these fictitious designations with any pleading, order, or process of any kind in this action. The Doe defendants are not actual parties to this action, but are merely nominal, formal or nonexistent. The Doe defendants must be disregarded for purposes of removal.

16.    Amount in Controversy: Restitution. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy

exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Plaintiff seek an order requiring VIZIO to "provide Plaintiff and each Class Member with a refund for the purchase price they paid for the specified televisions and should disgorge any profits which cannot be restored to identifiable victims." (FAC ¶ 25.) Plaintiff alleges he spent in excess of $800 to purchase his television. (FAC ¶ 24.) The suggested retail prices for VIZIO smart televisions vary, with the least expensive smart televisions selling for approximately $190. (Brinkman Decl. ¶ 7.) Based on the request to refund the purchase prices for such 2013 and 2014 televisions, the amount in controversy exceeds $5 million. (*Id.*) Without conceding any merit to the Complaint's allegations or causes of action, the amount in controversy here satisfies CAFA's jurisdictional threshold.

17.     Amount in Controversy – Compensatory Damages. The First Amended Complaint seeks unspecified general and special damages. (FAC, Prayer for Relief.) VIZIO believes that no damages, compensatory or punitive, should or will be awarded in this case; however, for purposes of the amount in controversy requirement, claimed compensatory damages should be considered in addition to the restitution amount sought.

18.     Amount in Controversy – Punitive Damages. The First Amended Complaint also seeks punitive damages. (FAC, Prayer for Relief.) Punitive damages are considered part of the amount in controversy. VIZIO believes that no damages, compensatory or punitive, should or will be awarded in this case; however, for purposes of the amount in controversy requirement, claimed punitive damages should also be considered.

19.     Amount in Controversy – Attorneys' Fees. Plaintiff also seeks an award of attorneys' fees. (FAC, Prayer for Relief.) This amount is likewise included in the amount in controversy calculation.

20.    <u>No CAFA Exclusion</u>: The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and therefore this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

21.    <u>Notice</u>: Promptly after filing this Notice of Removal, VIZIO will provide notice to counsel for Plaintiff Kirk Hinshaw and the Superior Court of the State of California for the County of Orange as required by 28 U.S.C. § 1446(d).

22.    For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1453.

WHEREFORE, Defendant VIZIO gives notice that the above-described action filed in the Orange County Superior Court is removed to this Court.

DATED: June 6, 2014

Ekwan E. Rhow
David I. Hurwitz
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____
David I. Hurwitz
Attorneys for Defendant VIZIO, Inc.

# EXHIBIT A

5/9/14 @P:3₤p

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VIZIO INC. and DOES 1 THROUGH 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KIRK HINSHAW individually, and on behalf of all persons similarly
situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/01/2014** at 12:40:00 PM

Clerk of the Superior Court
By Irma Cook, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Civil Complex Center<br><br>751 West Santa Ana Blvd<br>Santa Ana, CA 92701 | **CASE NUMBER:** *(Número):*<br>30-2014-00719115-CU-BT-CXC<br><br>Judge Gail A. Andler |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey Spencer, 903 Calle Amanecer, Suite 220, San Clemente, CA 92673, (949) 240-8595
Jeffrey Wilens, 18340 Yorba Linda Blvd., Suite 107-610, Yorba Linda, CA 92886 (714) 854-7205

| DATE: 05/01/2014 *(Fecha)* | Alan Carlson | Clerk, by *(Secretario)* | *[signature]* Cook | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Irma Cook



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Vizio Inc

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

6

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

04/28/2014 at 08:16:19 PM

Clerk of the Superior Court
By Marion Hernandez, Deputy Clerk

1  **SPENCER LAW FIRM**
   Jeffrey Spencer , Esq., (State Bar No. 182440)
2  903 Calle Amanecer, Suite 220
   San Clemente, CA  92673
3  Telephone No: (949) 240-8595
   Facsimile No:  (949) 240-8515
4  jps@spencerlaw.net

5
   **LAKESHORE LAW CENTER**
6  Jeffrey Wilens, Esq. (State Bar No. 120371)
   18340 Yorba Linda Blvd., Suite 107-610
7  Yorba Linda, CA  92886
   Telephone No: (714) 854-7205
8  Facsimile No:  (714) 854-7206
   jeff@lakeshorelaw.org
9

10 Attorneys for Plaintiff

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                FOR THE COUNTY OF ORANGE

13
   KIRK HINSHAW individually, and on behalf )   Case No.   30-2014-00719115-CU-BT-CXC
14 of all persons similarly situated,        )
                                             )              Judge Gail A. Andler
15            Plaintiff,                      )   **CLASS ACTION**
                                             )
16    vs.                                    )   **COMPLAINT FOR**
                                             )
17                                           )   **1. UNFAIR COMPETITION**
   VIZIO INC. and DOES 1 THROUGH 100,        )   **(Business and Professions Code**
18 INCLUSIVE,                                )   **section 17200 et. seq.)**
                                             )
19            Defendants.                     )   **2. Violation of the Consumer Legal**
                                             )   **Remedies Act**
20 ────────────────────────────────────── )
                                             )
21                                           )   **REQUEST FOR JURY TRIAL**

22

23           **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24     1.     This action is brought pursuant to California Code of Civil Procedure §382 and

25 California Business and Professions Code §17200 et seq . Plaintiff KIRK HINSHAW brings this

26 action individually on his own behalf and on behalf of all persons within the class defined herein.

27                        **CLASS ALLEGATIONS**

28     2.     The CLASS consists of:

                                    -1-
                        **COMPLAINT FOR DAMAGES**

7

1         All Amazon Prime members residing in the United States who

2         purchased a 2013 or 2014 model year Vizio television that was

3         marketed as including an App that would access the Amazon instant

4         video service.

5    **PLAINTIFF**

6       3.    Plaintiff KIRK HINSHAW("Plaintiff") at all times mentioned herein was a resident

7 of the State of California, city of Mission Viejo, County of Orange.

8       4.    The persons who comprise the Class (sometimes hereinafter referred to as "Class"

9 or "Class Members") are so numerous that the joinder of all such persons is impracticable and the

10 disposition of their claims as a Class will benefit the parties and the Court.

11       5.    The claims of Plaintiff are typical of the claims of the Class he seeks to represent.

12       6.    Plaintiff will fairly and adequately protect the interests of the Class that he seeks to

13 represent and Plaintiff does not have any interests that are antagonistic to the Class.

14       7.    Counsel for the Class are experienced, qualified and generally able to conduct

15 complex class action litigation.

16       8.    This Court should permit this action to be maintained as a class action pursuant to

17 California Code of Civil Procedure §382 because:

18       (a)    The questions of law and fact common to the Class predominate over any question

19 affecting only individual members;

20       (b)    A class action is superior to any other available method for the fair and efficient

21 adjudication of the claims of the members of the Class;

22       (c)    The Class is so numerous that it is impractical to bring all members of the Class

23 before the Court;

24       (d)    Plaintiff and the Class will not be able to obtain effective and economic legal

25 redress unless the action is maintained as a class action;

26       (e)    There is a community of interest in obtaining appropriate legal and equitable relief

27 for the common law and statutory violations and other improprieties, and in obtaining adequate

28 compensation for the damages and injuries which Defendants' actions have inflicted upon Plaintiff

8

and the Class;

(f)     There is a community of interest in ensuring that the combined assets and available insurance of the Defendants is sufficient to adequately compensate the members of the Class for the injuries sustained;

(g)     Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1)     Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

(2)     Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

(h)     Defendants have acted or refused to act on grounds generally applicable to the CLASS, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## DEFENDANTS

9.     Plaintiff and the Class are informed and believe and based upon that information and belief allege that Defendant VIZIO, INC., is now, and at all times mentioned in this Complaint was, a corporation based in the State of California with its principal place of business in Irvine, County of Orange, State of California, and does business throughout the State of California and United States.

10.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise of Defendant Does 1 through 100, inclusive, are unknown to the Plaintiff and the Class who therefore sue these Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiff and the Class will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 100 inclusive when they are ascertained.

11.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that each of the Defendants named in this Complaint, including Does 1 through

-3-
COMPLAINT FOR DAMAGES

1   100, inclusive, are responsible in some manner for one or more of the events and happenings that

2   proximately caused the injuries and damages hereinafter alleged and that Plaintiff's and the Class'

3   damages as herein alleged were proximately caused by those defendants. Each reference in this

4   complaint to "defendant" or "defendants" or to a specifically named defendant refers also to all

5   defendants sued under fictitious names.

6        12.     Plaintiff and the Class are informed and believe, and based upon that information

7   and belief allege, that each Defendant named in this Complaint, including Does 1 through 100,

8   inclusive, knowingly and willfully acted in concert, conspired and agreed together among

9   themselves and entered into a combination and systemized campaign of activity to damage the

10   Class and to otherwise consciously and/or recklessly act in derogation of Plaintiff's and the Class'

11   rights, and the trust reposed by Plaintiff and the Class in each of said Defendants, said acts being

12   negligently and/or intentionally inflicted.   Said conspiracy, and Defendants' concerted actions,

13   were such that, to Plaintiff's information and belief, and to all appearances, Defendants and each

14   of them, represented a unified body so that the actions of one Defendant was accomplished in

15   concert with, and with knowledge, ratification, authorization and approval of each of the other

16   Defendants.

17        13.     Plaintiff and the Class are informed and believe, and based upon that information

18   and belief allege, that each of the Defendants named in this Complaint, including Does 1 through

19   100, inclusive, is and at all times mentioned herein was, was the alter ego of each of the other

20   defendants, was the successor in interest or predecessor in interest, and was the agent and

21   employee of each of the other defendants and in doing the things herein alleged was acting within

22   the course and scope of this agency and authority as the agent, servant and/or employee of each of

23   the other Defendants.   Consequently, all of the Defendants are jointly and severally liable to the

24   Plaintiff and the Class for the damages sustained as a proximate result of their conduct.

**FIRST CAUSE OF ACTION**

**FOR UNFAIR COMPETETION**

**California Business & Professions Code§17200 et, seq.**

**(Against All Defendants)**

-4-

**COMPLAINT FOR DAMAGES**

14.    Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 13 of this Complaint.

15.    Plaintiff is an Amazon Prime member for which he pays an annual fee.  The fee allows him to view certain television shows and movies streamed by Amazon's "instant video" service for free as well as to purchase other shows and movies.  Plaintiff wanted to be able to view this programming on a television.

16.    A "smart" television is an industry term and marketing label used to describe a television that has built-in processing chips and hardware that allow the television to directly download data (typically in the form of music and television/movie programming) from the Internet.  The predominant reason for buying such a television is to being able to stream music or videos directly without having to hook the television to a second device that can stream the internet data.  In order to access the data feeds from Netflix, Amazon and similar video streaming services, a smart television must have a functioning "app" (software application) that can interface with the streaming service's data server.

17.    In April, 2014, Plaintiff purchased a 2014 Vizio "smart" television.  Not all televisions sold by Vizio (and other companies) are "smart" televisions.  The reason Plaintiff chose this model is that it was advertised and marketed by Defendants as including, in its available streaming programming, shows offered by the Amazon instant video service.  Specifically, the advertising on the box stated that the Amazon Instant Video App (which would enable the television to stream programming from Amazon's instant video service) was included.

18.    However, after purchasing the television and later attempting to use the Amazon App, Plaintiff discovered that it did not function.  Instead, the television displayed a message stating the Amazon Instant Video App was not available.  Subsequent investigation has revealed that the Amazon Instant Video App does not work on any of the 2013 and 2014 model year smart television sold by Vizio.  In fact, Vizio was aware of this fact when it sold these televisions for many months and knew that, contrary to the advertisements, the Amazon instant video service was not accessible through these smart televisions.

19.    If Plaintiff had known prior to the purchase that Vizio's advertised Amazon Instant

-5-
**COMPLAINT FOR DAMAGES**

Video App did not work, he would not have purchased this television. He could have and would have purchased a smart television manufactured by other competitors of Vizio that had an operational Amazon Instant Video App and, unlike the Vizio product, the other televisions were able to access the Amazon Instant Video Service.

20. Commencing in 2013, but continuing to the present date and continuing thereafter, DEFENDANTS have engaged in, are engaged in, and propose to engage in unfair competition as that term is defined in Business and Professions Code section 17200, which includes any "unlawful, unfair or fraudulent business act or practice," "unfair, deceptive, untrue or misleading advertising," and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code.

21. The conduct of Defendants and each of them as set forth above was an unfair business act or practice within the meaning of section 17200. The fairness of business conduct is determined by weighing the practice's impact on consumers and members of the general public.

22. Here, Defendants had no legitimate business justification for knowingly misrepresenting that the relevant smart televisions marketed by Vizio included an App that could access the Amazon Instant Video Service.

23. The conduct of Defendants herein was a fraudulent practice or act and a deceptive or misleading advertisement within the meaning of Business and Professions Code §17200 because it was likely to deceive members of the general public that the specified televisions could access the Amazon Instant Video Service.

24. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable money or property from Plaintiff and therefore he meets the standing requirements under Proposition 64 in that he brought this action as a class action pursuant to Code of Civil Procedure § 382 and suffered injury in fact and lost money or property as a result of Defendants' unfair competition. To wit Plaintiff spent at in excess of $800 to purchase the Vizio smart television with the expectation (created by Defendants' false advertising) that he could access the Amazon Instant Video service through the television..

25. Pursuant to Business and Professions Code § 17203 and § 17204, Plaintiff is

-6-
**COMPLAINT FOR DAMAGES**

1   empowered to act as a Private Attorney General to enjoin such conduct in the future and to compel

2   Defendants to identify, locate and restore all affected persons any money or property they may

3   have acquired as a result of any act that constitutes unfair competition or to disgorge any profits

4   Defendants may have obtained as a result of this conduct. Specifically Defendants should provide

5   Plaintiff and each Class Member with a refund for the purchase price they paid for the specified

6   televisions and should disgorge any profits which cannot be restored to identifiable victims.

7        26.     Plaintiff and the Class further seek a declaration that the above described business

8   practices are unfair, unlawful and/or fraudulent.

9        27.     Plaintiff requests that the Court issue a preliminary and permanent injunction

10  prohibiting the DEFENDANTS, and each of them, from misrepresenting to the general public and

11  customers that the specified televisions can access the Amazon Instant Video service. Defendants

12  continue to misleadingly market the smart televisions as being able to access the Amazon Instant

13  Video Service and therefore to deceive the public.  If Defendants are not enjoined from the

14  conduct set forth herein above, they will continue to harm the general public and the Class.

15       28.     It is impossible for Plaintiff to determine the actual amount of money owed to the

16  Class Members without a detailed review of Defendants' books and records.   Accordingly,

17  Plaintiff seeks among other things an accounting and/or the appointment of a receiver.

18

19                        **SECOND CAUSE OF ACTION**

20       **FOR VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

21                          **(Against all Defendants)**

22       29.     Plaintiff alleges and incorporates by reference, as though fully set forth herein,

23  paragraphs 1 through 28 of this Complaint.

24       30.     At the time of these transactions involving Plaintiff and the Class Members,

25  Defendants violated provisions of Civil Code § 1770 including but not limited to:

26       Subdivision (a) (5) of Civil Code section 1770 by representing that goods or services have

27  characteristics, uses or, benefits or qualities that they do not have; and

28       Subdivision (a) (9) of Civil Code section 1770 by advertising goods or services with intent

-7-
**COMPLAINT FOR DAMAGES**

1  not to sell them as advertised.

2      31.    On April 28, 2014 plaintiff KIRK HINSHAW, notified defendants on behalf of

3  himself, and all similarly situated persons, of the unlawful acts and practices described above by

4  written notice, which contained a demand that said defendants, rectify the situation. (Attached

5  hereto as Exhibit 1, is a true and correct copy of the April 28, 2014 letter)

6      32.    Civil Code §1782(d) provides that an action for injunctive relief may be brought

7  under Civil Code §1770 without compliance with the 30 day notice requirement of Civil Code

8  §1782(a). It further provides that not less than 30 days after the commencement of an action for

9  injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her

10  complaint without leave of court to include a request for damages.

11      33.    Accordingly, with respect to this claim, Plaintiff only seeks injunctive relief at this

12  time. However, Plaintiff will file an amended complaint including a request for damages under the

13  CLRA once the requirements of Civil Code § 1782 (a) are fulfilled.

14      34.    As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff

15  and the Class Members sustained actual and special damages by purchasing smart televisions that

16  lacked the ability to access the Amazon Instant Video service. They could have purchased a smart

17  television manufactured by other competitors of Vizio.  Those also were advertised to include an

18  Amazon Instant Video App and, unlike the Vizio product, the other televisions were able to access

19  the Amazon Instant Video Service.

20      35.    The aforementioned business practices of defendants are likely to continue and

21  therefore will continue unless restrained and enjoined by this court.

22

23                      **PRAYER**

24  WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendant as

25  follows:

26      1.    For an order certifying this matter as a class action;

27      2.    For preliminary and permanent injunctive relief pursuant to Business and

28  Professions Code section 17203 restraining and enjoining defendant from continuing the

-8-

**COMPLAINT FOR DAMAGES**

acts of unfair and unlawful competition and deceptive practices set forth above, requiring defendant to take any acts needed to prevent further violations, and requiring defendant to take affirmative measures to redress past wrongdoings;

3.   For an order requiring defendant to provide an accounting of all moneys which it may have received and all profits which it may have acquired as a result of the acts and practices found to constitute unfair competition under Business and Professions Code section 17200;

4.   For an order that defendant identify, locate and make restitution to Plaintiff and the class members, all funds and the value of all things or property acquired by the acts of unfair competition and deceptive practices set forth above, and all additional orders necessary to accomplish this purpose, pursuant to Business and Professions Code section 17203;

5.   For distribution of any moneys recovered on behalf of members of the class, via fluid recovery or cy pres recovery where necessary to prevent defendant from retaining the benefits of their wrongful conduct as provided in California v. Levi Strauss & Co. (1986) 41 Cal.3d 460 and People v. Thomas Shelton Powers, M.D. Inc. (1992) 2 Cal.App.4th 330;

6.   For Attorneys' Fees pursuant to the Private Attorney General doctrine provision in Code of Civil Procedure section 1021.5, pursuant to the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine;

7.   For a preliminary injunction, enjoining defendant from violating the Consumer Legal Remedies act;

8.   For an order requiring defendants to provide an accounting of all moneys which they may have received and all profits which they may have acquired as a result of the acts and practices found to constitute violations of the Consumer Legal Remedies Act;

9.   For Attorneys' Fees pursuant to Civil Code §1780(e) ;

10.   Costs of suit incurred herein; and

11.   For other and further relief as the court may deem proper.

-9-

**COMPLAINT FOR DAMAGES**

Dated:  April 28, 2014

SPENCER LAW FIRM

/S/
JEFFREY P. SPENCER
Attorneys for Plaintiff

-10-
COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2

3       Plaintiff hereby demands a trial by jury of all issues in this action.

4   Dated: April 28, 2014          SPENCER LAW FIRM

5

6                                  /S/
                                   JEFFREY P. SPENCER
7                                  Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

**COMPLAINT FOR DAMAGES**

17

# EXHIBIT NO. 1

# EXHIBIT NO. 1



**A PROFESSIONAL CORPORATION**
903 Calle Amanecer, Suite 220
San Clemente, CA 92673

Telephone: (949) 240-8595
Facsimile: (949) 240-8515
email: jps@spencerlaw.net

April 28, 2014

SENT VIA CERTIFIED MAIL

William Wang
CEO, VIZIO Inc.
39 Tesla
Irvine, CA 92618

### RE: NOTICE OF VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

Dear Mr. Wang:

My client Kirk Hinshaw purchased a model year 2014 Vizio E6001-B3 smart television from Costco in April of 2014. The reason he chose this model is that it was advertised and marketed by Vizio as including, in its available streaming programming, shows offered by the Amazon instant video service. Specifically, the advertising on the box stated that the Amazon Instant Video App (which would enable the television to stream programming from Amazon's instant video service) was included.

However, after purchasing the television and later attempting to use the Amazon App, Mr. Hinshaw discovered that it did not function. Instead, the television displayed a message stating the Amazon Instant Video App was not available. Subsequent investigation has revealed that the Amazon Instant Video App does not work on any of the 2013 and 2014 model year smart television sold by Vizio. Vizio was aware of this fact when it sold these televisions for many months and knew that, contrary to the advertisements, packaging and representations, the Amazon instant video service was not accessible through these televisions.

If Mr. Hinshaw had known prior to the purchase that Vizio's advertised Amazon Instant Video App did not work, he would not have purchased the television. He could have and would have purchased a

1

19

smart television manufactured by other competitors of Vizio that had an operational Amazon Instant Video App.

Vizio materially misrepresented the capabilities, characteristics and functionality of its 2013 and 2014 model year Vizio smart televisions advertised and represented as including an Amazon Instant Video App. It is an unfair and illegal business practice to represent goods for sale as having characteristics, uses, benefits or qualities which they do not have.

<u>CONSUMER LEGAL REMEDIES ACT NOTIFICATION</u>

This is to notify you that Vizio Inc. has engaged in unfair methods of competition or unfair or deceptive acts or practices in violation of California Civil Code §1770 in connection with the transactions occurring on or about numerous dates with regard to each person who purchased 2013 and 2014 model year Vizio smart televisions in reliance upon Vizio's false representations that the televisions included an Amazon Instant Video App. Vizio represented, advertised and marketed the televisions as having a working Amazon Instant Video App. when Vizio knew the televisions did not have a working Amazon Instant Video App. **This Notice is made on behalf of Kirk Hinshaw and all similarly situated persons.**

Vizio Inc.'s conduct violates California Civil Code § 1770(a), which provides:

The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

(5) Representing that goods have characteristics, uses or, benefits or qualities which they do not have; and

(9) Advertising goods and services with intent not to sell them as advertised.

Demand is hereby made pursuant to California Civil Code §1782, subdivision (a) (2) that within 30 days after receipt of this notice you rectify the situation by agreeing to the following:

a) Identify each person who purchased a 2013 or 2014 model year Vizio smart television which Vizio represented included an Amazon Instant Video App;

b) With regard to each such person, make restitution of all money they paid for the Vizio televisions, including compensation for loss of use and inconvenience and attempted repairs and interest on those amounts;

c) Identify all 2013 and 2014 model year Vizio smart televisions which Vizio represented included an Amazon Instant Video App;

d) Issue a statement advising the general public that the 2013 and 2014 model year Vizio smart televisions do not have a working Amazon Instant Video App;

2

e) Discontinue representing, marketing and selling the 2013 and 2014 model year Vizio smart televisions as including a working Amazon Instant Video App;

f) Pay reasonable attorneys' fees; and

g) Present proof of compliance with each of these conditions to this office.

If you would like to discuss this matter further, please do not hesitate to contact me.

Sincerely,

Jeffrey Spencer
Attorney for Kirk Hinshaw

3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey Spencer, SBN 182440<br>Spencer Law Firm<br>903 Calle Amanecer, Suite 220<br>San Clemente, CA 92673 | |

TELEPHONE NO.: 949-240-8595     FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff Kirk Hinshaw

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/28/2014** at 08:18:18 PM

Clerk of the Superior Court
By Marion Hernandez, Deputy Clerk

CASE NAME:
Hinshaw v. Vizio Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2014-00719115-CU-BT-CXC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Gail A. Andler<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
**4.** Number of causes of action *(specify):* 2 Unfair Competition, Violation of the Consumer Legal Remedies Act
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/28/14

(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

22

1   **THE SPENCER LAW FIRM**
    Jeffrey Spencer , Esq., (State Bar No. 182440)

2   903 Calle Amanecer, Suite 220
    San Clemente, CA  92673

3   Telephone No: (949) 240-8595
    Facsimile No:  (949) 240-8515

4   jps@spencerlaw.net

5

6   **LAKESHORE LAW CENTER**
    Jeffrey Wilens, Esq. (State Bar No. 120371)

7   18340 Yorba Linda Blvd., Suite 107-610
    Yorba Linda, CA  92886

8   Telephone No:  (714) 854-7205
    Facsimile No:   (714) 854-7206

9   jeff@lakeshorelaw.org

10   Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/01/2014** at 12:40:00 PM
Clerk of the Superior Court
By Irma Cook,Deputy Clerk

11 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 FOR THE COUNTY OF ORANGE

13

14 KIRK HINSHAW individually, and on behalf )
   of all persons similarly situated,          )

15                          )

16          Plaintiffs,           )

17       vs.                     )

18 VIZIO INC. and DOES 1 THROUGH 100,  )
   INCLUSIVE,                  )

19                          )

20          Defendants.         )

21                          )

Case No 30-2014-00719115 CU-BT-CXC
Assigned for All Purposes to:
Honorable Gail A. Andler
Dept. 101
Complaint Filed: April 28 , 2014
Trial Date: None
Hearing Date: None

**PEREMPTORY CHALLENGE TO**
**JUDGE (C.C.P. §170.6)**

22

23 TO EACH PARTY AND THEIR ATTORNEY OF RECORD:  I JEFFREY SPENCER, hereby

24 declare:

25 1.    I am the attorney of record for the plaintiff in the above-captioned case. The following

26 facts are within my personal knowledge and, if called as a witness herein, I can and will

27 competently testify thereto.

28 2.    The Honorable Gail A. Andler, Judge of the Superior Court, the judge before whom the

-1-

**PEREMPTORY CHALLENGE**

1  trial of the aforementioned case is pending, is prejudiced against the Plaintiff and the interests of

2  the Plaintiff so that Declarant believes that Plaintiff cannot receive a fair and impartial trial before

3  said judge.

4      I declare under the penalty of perjury under the laws of the State of California that the

5  foregoing is true and correct.

6      Executed May 1, 2014 in San Clemente, California.

7

8               By:_____/S/_____

9                  JEFFREY SPENCER
                Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
**PEREMPTORY CHALLENGE**

24

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint.  Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                     Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                     Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
   ☐ Under section 1141.11 of the Code of Civil Procedure
   ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date:_____     _____     _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____     _____     _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                          California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

29

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

#### MINUTE ORDER

DATE: 05/12/2014                          TIME: 08:30:00 AM          DE

JUDICIAL OFFICER PRESIDING: Supervising Judge Franz E. Miller
CLERK:  Stacie Turner
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
05/16/2014 at 04:34:00 PM
Clerk of the Superior Court
By e Clerk, Deputy Clerk

CASE NO: **30-2014-00719115-CU-BT-CXC** CASE INIT.DATE: 04/28/2014
CASE TITLE: **Hinshaw vs. Vizio Inc.**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Business Tort

EVENT ID/DOCUMENT ID: 71951512
EVENT TYPE: Chambers Work

---

### APPEARANCES

There are no appearances by any party.

A Peremptory Challenge under C.C.P. 170.6 as to the Honorable Gail A. Andler having been filed on 05/01/2014, by Plaintiff Kirk Hinshaw, individually and on behalf of all persons similarly situated, and this matter having been transferred to C14 for reassignment, the Court now rules as follows:

This case is removed from the inventory of Honorable Gail A. Andler in Department CX101 and reassigned to the inventory of Honorable Kim G. Dunning in Department CX104 for all purposes.

Counsel to contact clerk in Department CX104 within 15 days of receipt of this order to reschedule any pending hearings.

The Court determines that for purposes of exercising C.C.P. 170.6 rights, there are two sides to this matter unless, prior to the expiration of time in which to exercise said rights, the contrary is first brought to the attention of the Court, by Ex-Parte motion. Counsel has 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under C.C.P. 170.6.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

Proof of service to be filed with the court within 10 days.

---

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** | |
|---|---|
| Civil Complex Center<br>751 W. Santa Ana Blvd<br>Santa Ana, CA 92701 | |
| SHORT TITLE: Hinshaw vs. Vizio Inc. | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2014-00719115-CU-BT-CXC** |

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid as indicated below. The mailing and this certification occurred at Santa Ana, California on 05/12/2014

Clerk of the Court, by: _Stacie Luna_____, Deputy

LAKESHORE LAW CENTER
18340 YORBA LINDA BOULEVARD # 107-610
YORBA LINDA, CA 92886

THE SPENCER LAW FIRM
903 CALLE AMANECER # 220
SAN CLEMENTE, CA 92673

**PROOF OF SERVICE**

State of California                                          )
County of Orange                                            )

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 903 Calle Amanecer, Suite 220, San Clemente, CA  92673.

On May 16, 2014, I served the Minute Order Reassigning Case on the interested parties in this action to the addresses listed below:

| | |
|---|---|
| Defendant Vizio Inc.<br>Agent for Service of Process<br>C T CORPORATION SYSTEM<br>818 WEST SEVENTH ST 2ND FL<br>LOS ANGELES CA 90017 | |

[X]   BY U.S. MAIL To addresses listed above

 Executed on May 16, 2014  at San Clemente, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

By: _____
Jeffrey Spencer

# EXHIBIT B

1  **SPENCER LAW FIRM**
   Jeffrey Spencer , Esq., (State Bar No. 182440)
2  903 Calle Amanecer, Suite 220
   San Clemente, CA  92673
3  Telephone No: (949) 240-8595
   Facsimile No:  (949) 240-8515
4  jps@spencerlaw.net

5
   **LAKESHORE LAW CENTER**
6  Jeffrey Wilens, Esq. (State Bar No. 120371)
   18340 Yorba Linda Blvd., Suite 107-610
7  Yorba Linda, CA  92886
   Telephone No:  (714) 854-7205
8  Facsimile No:  (714) 854-7206
   jeff@lakeshorelaw.org
9

10 Attorneys for Plaintiff

11           SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                 FOR THE COUNTY OF ORANGE

13

14 KIRK HINSHAW individually, and on behalf )   **Case No. 30-2014-00719115-CU-BT-CXC**
   of all persons similarly situated,        )
15                                            )   Assigned for all Purposes to:
            Plaintiff,                        )   The Honorable Kim G. Dunning
16                                            )   Dept. CX-104
            vs.                               )
17                                            )   **CLASS ACTION**
   VIZIO INC. and DOES 1 THROUGH 100,         )
18 INCLUSIVE,                                 )   **FIRST AMENDED COMPLAINT FOR**
                                              )
19          Defendants.                       )
                                              )   **1. UNFAIR COMPETITION**
20 _____   )        (Business and Professions Code
                                              )        section 17200 et. seq.)
21                                            )
                                                  **2. Violation of the Consumer Legal**
22                                                    **Remedies Act**

23                                                     **REQUEST FOR JURY TRIAL**

24

25        **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

26     1.     This action is brought pursuant to <u>California Code of Civil Procedure</u> §382 and

27 <u>California Business and Professions Code</u> §17200 et seq . Plaintiff KIRK HINSHAW brings this

28 action individually on his own behalf and on behalf of all persons within the class defined herein.

                                    -1-

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**05/29/2014** at 12:01:00 PM
Clerk of the Superior Court
By Irma Cook, Deputy Clerk

**CLASS ALLEGATIONS**

2.    The CLASS consists of:

        All Amazon Prime members residing in the United States who

        purchased a 2013 or 2014 model year Vizio television that was

        marketed as including an App that would access the Amazon instant

        video service.

**PLAINTIFF**

3.    Plaintiff KIRK HINSHAW("Plaintiff") at all times mentioned herein was a resident of the State of California, city of Mission Viejo, County of Orange.

4.    The persons who comprise the Class (sometimes hereinafter referred to as "Class" or "Class Members") are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a Class will benefit the parties and the Court.

5.    The claims of Plaintiff are typical of the claims of the Class he seeks to represent.

6.    Plaintiff will fairly and adequately protect the interests of the Class that he seeks to represent and Plaintiff does not have any interests that are antagonistic to the Class.

7.    Counsel for the Class are experienced, qualified and generally able to conduct complex class action litigation.

8.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure §382 because:

(a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)    The Class is so numerous that it is impractical to bring all members of the Class before the Court;

(d)    Plaintiff and the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief

-2-

**COMPLAINT FOR DAMAGES**

for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon Plaintiff and the Class;

(f)      There is a community of interest in ensuring that the combined assets and available insurance of the Defendants is sufficient to adequately compensate the members of the Class for the injuries sustained;

(g)      Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1)      Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

(2)      Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

(h)      Defendants have acted or refused to act on grounds generally applicable to the CLASS, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## DEFENDANTS

9.      Plaintiff and the Class are informed and believe and based upon that information and belief allege that Defendant VIZIO, INC., is now, and at all times mentioned in this Complaint was, a corporation based in the State of California with its principal place of business in Irvine, County of Orange, State of California, and does business throughout the State of California and United States.

10.      The true names and capacities, whether individual, corporate, partnership, associate or otherwise of Defendant Does 1 through 100, inclusive, are unknown to the Plaintiff and the Class who therefore sue these Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiff and the Class will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 100 inclusive when they are ascertained.

-3-
**COMPLAINT FOR DAMAGES**

11.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that each of the Defendants named in this Complaint, including Does 1 through 100, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged and that Plaintiff's and the Class' damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant" or "defendants" or to a specifically named defendant refers also to all defendants sued under fictitious names.

12.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that each Defendant named in this Complaint, including Does 1 through 100, inclusive, knowingly and willfully acted in concert, conspired and agreed together among themselves and entered into a combination and systemized campaign of activity to damage the Class and to otherwise consciously and/or recklessly act in derogation of Plaintiff's and the Class' rights, and the trust reposed by Plaintiff and the Class in each of said Defendants, said acts being negligently and/or intentionally inflicted.  Said conspiracy, and Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants and each of them, represented a unified body so that the actions of one Defendant was accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other Defendants.

13.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that each of the Defendants named in this Complaint, including Does 1 through 100, inclusive, is and at all times mentioned herein was, was the alter ego of each of the other defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the other defendants and in doing the things herein alleged was acting within the course and scope of this agency and authority as the agent, servant and/or employee of each of the other Defendants.  Consequently, all of the Defendants are jointly and severally liable to the Plaintiff and the Class for the damages sustained as a proximate result of their conduct.

### FIRST CAUSE OF ACTION

### FOR UNFAIR COMPETETION

-4-

**COMPLAINT FOR DAMAGES**

**California Business & Professions Code§17200 et, seq.**

**(Against All Defendants)**

14.     Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 13 of this Complaint.

15.     Plaintiff is an Amazon Prime member for which he pays an annual fee.  The fee allows him to view certain television shows and movies streamed by Amazon's "instant video" service for free as well as to purchase other shows and movies.  Plaintiff wanted to be able to view this programming on a television.

16.     A "smart" television is an industry term and marketing label used to describe a television that has built-in processing chips and hardware that allow the television to directly download data (typically in the form of music and television/movie programming) from the Internet.  The predominant reason for buying such a television is to being able to stream music or videos directly without having to hook the television to a second device that can stream the internet data.  In order to access the data feeds from Netflix, Amazon and similar video streaming services, a smart television must have a functioning "app" (software application) that can interface with the streaming service's data server.

17.     In April, 2014, Plaintiff purchased a 2014 Vizio "smart" television.  Not all televisions sold by Vizio (and other companies) are "smart" televisions.  The reason Plaintiff chose this model is that it was advertised and marketed by Defendants as including, in its available streaming programming, shows offered by the Amazon instant video service.  Specifically, the advertising on the box stated that the Amazon Instant Video App (which would enable the television to stream programming from Amazon's instant video service) was included.

18.     However, after purchasing the television and later attempting to use the Amazon App, Plaintiff discovered that it did not function.  Instead, the television displayed a message stating the Amazon Instant Video App was not available.  Subsequent investigation has revealed that the Amazon Instant Video App does not work on any of the 2013 and 2014 model year smart television sold by Vizio.  In fact, Vizio was aware of this fact when it sold these televisions for many months and knew that, contrary to the advertisements, the Amazon instant video service was

not accessible through these smart televisions.

19.   If Plaintiff had known prior to the purchase that Vizio's advertised Amazon Instant Video App did not work, he would not have purchased this television.  He could have and would have purchased a smart television manufactured by other competitors of Vizio that had an operational Amazon Instant Video App and, unlike the Vizio product, the other televisions were able to access the Amazon Instant Video Service.

20.   Commencing in 2013, but continuing to the present date and continuing thereafter, DEFENDANTS have engaged in, are engaged in, and propose to engage in unfair competition as that term is defined in Business and Professions Code section 17200, which includes any "unlawful, unfair or fraudulent business act or practice," "unfair, deceptive, untrue or misleading advertising," and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code.

21.   The conduct of Defendants and each of them as set forth above was an unfair business act or practice within the meaning of section 17200.  The fairness of business conduct is determined by weighing the practice's impact on consumers and members of the general public.

22.   Here, Defendants had no legitimate business justification for knowingly misrepresenting that the relevant smart televisions marketed by Vizio included an App that could access the Amazon Instant Video Service.

23.   The conduct of Defendants herein was a fraudulent practice or act and a deceptive or misleading advertisement within the meaning of Business and Professions Code §17200 because it was likely to deceive members of the general public that the specified televisions could access the Amazon Instant Video Service.

24.   By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable money or property from Plaintiff and therefore he meets the standing requirements under Proposition 64 in that he brought this action as a class action pursuant to Code of Civil Procedure § 382 and suffered injury in fact and lost money or property as a result of Defendants' unfair competition. To wit Plaintiff spent at in excess of $800 to purchase the Vizio smart television with the expectation (created by Defendants' false

-6-
**COMPLAINT FOR DAMAGES**

advertising) that he could access the Amazon Instant Video service through the television..

25.     Pursuant to Business and Professions Code § 17203 and § 17204, Plaintiff is empowered to act as a Private Attorney General to enjoin such conduct in the future and to compel Defendants to identify, locate and restore all affected persons any money or property they may have acquired as a result of any act that constitutes unfair competition or to disgorge any profits Defendants may have obtained as a result of this conduct. Specifically Defendants should provide Plaintiff and each Class Member with a refund for the purchase price they paid for the specified televisions and should disgorge any profits which cannot be restored to identifiable victims.

26.     Plaintiff and the Class further seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent.

27.     Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting the DEFENDANTS, and each of them, from misrepresenting to the general public and customers that the specified televisions can access the Amazon Instant Video service. Defendants continue to misleadingly market the smart televisions as being able to access the Amazon Instant Video Service and therefore to deceive the public.  If Defendants are not enjoined from the conduct set forth herein above, they will continue to harm the general public and the Class.

28.     It is impossible for Plaintiff to determine the actual amount of money owed to the Class Members without a detailed review of Defendants' books and records.  Accordingly, Plaintiff seeks among other things an accounting and/or the appointment of a receiver.

### SECOND CAUSE OF ACTION

### FOR VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

### (Against all Defendants)

29.     Plaintiff alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 28 of this Complaint.

30.     At the time of these transactions involving Plaintiff and the Class Members, Defendants violated provisions of Civil Code § 1770 including but not limited to:

Subdivision (a) (5) of Civil Code section 1770 by representing that goods or services have

-7-

characteristics, uses or, benefits or qualities that they do not have; and

Subdivision (a) (9) of Civil Code section 1770 by advertising goods or services with intent not to sell them as advertised.

31.     On April 28, 2014 plaintiff KIRK HINSHAW, notified defendants on behalf of himself, and all similarly situated persons, of the unlawful acts and practices described above by written notice, which contained a demand that said defendants, rectify the situation. (Attached hereto as Exhibit 1, is a true and correct copy of the April 28, 2014 letter) Defendants failed to take the remedial steps requested in the letter.

32.     As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff and the Class Members sustained actual and special damages by purchasing smart televisions that lacked the ability to access the Amazon Instant Video service. They could have purchased a smart television manufactured by other competitors of Vizio.  Those also were advertised to include an Amazon Instant Video App and, unlike the Vizio product, the other televisions were able to access the Amazon Instant Video Service.

33.     In engaging in the foregoing conduct, each defendant has acquired money or property from plaintiff and class members.  Specifically, defendants have received money  from customers who were induced to purchase Vizio smart televisions though their misrepresentations that the televisions contained, in their available streaming programming, shows offered by the Amazon instant video service.  Specifically, the advertising on the box stated that the Amazon Instant Video App (which would enable the television to stream programming from Amazon's instant video service) was included.

34.     However, after purchasing the television and later attempting to use the Amazon App, Plaintiff and the class members discovered that it did not function.  Instead, the television displayed a message stating the Amazon Instant Video App was not available.  Subsequent investigation has revealed that the Amazon Instant Video App does not work on any of the 2013 and 2014 model year smart television sold by Vizio.  In fact, Vizio was aware of this fact when it sold these televisions for many months and knew that, contrary to the advertisements, the Amazon instant video service was not accessible through these smart televisions.

-8-
**COMPLAINT FOR DAMAGES**

35.     The aforementioned acts of defendants constituted malice, oppression and fraud within the meaning of Civil Code section 3294, and thereby entitle plaintiff and class members to punitive or exemplary damages in an amount according to proof.

36.     The aforementioned business practices of defendants are likely to continue and therefore will continue unless restrained and enjoined by this court.

## PRAYER

WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendant as follows:

1.     For an order certifying this matter as a class action;

2.     For preliminary and permanent injunctive relief pursuant to Business and Professions Code section 17203 restraining and enjoining defendant from continuing the acts of unfair and unlawful competition and deceptive practices set forth above, requiring defendant to take any acts needed to prevent further violations, and requiring defendant to take affirmative measures to redress past wrongdoings;

3.     For an order requiring defendant to provide an accounting of all moneys which it may have received and all profits which it may have acquired as a result of the acts and practices found to constitute unfair competition under Business and Professions Code section 17200;

4.     For an order that defendant identify, locate and make restitution to Plaintiff and the class members, all funds and the value of all things or property acquired by the acts of unfair competition and deceptive practices set forth above, and all additional orders necessary to accomplish this purpose, pursuant to Business and Professions Code section 17203;

5.     For distribution of any moneys recovered on behalf of members of the class, via fluid recovery or cy pres recovery where necessary to prevent defendant from retaining the benefits of their wrongful conduct as provided in California v. Levi Strauss & Co. (1986) 41 Cal.3d 460 and People v. Thomas Shelton Powers, M.D. Inc. (1992) 2

Cal.App.4th 330;

6.      For Attorneys' Fees pursuant to the Private Attorney General doctrine provision in Code of Civil Procedure section 1021.5, pursuant to the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine;

7.      For a preliminary injunction, enjoining defendant from violating the Consumer Legal Remedies act;

8.      For an order requiring defendants to provide an accounting of all moneys which they may have received and all profits which they may have acquired as a result of the acts and practices found to constitute violations of the Consumer Legal Remedies Act;

9.      For Attorneys' Fees pursuant to Civil Code §1780(e) ;

10.     For general and special damages according to proof;

11.     For damages inherent in the violation of the Consumer Legal Remedies Act;

12.     For punitive and exemplary damages;

13.     Costs of suit incurred herein; and

14.     For other and further relief as the court may deem proper.

Dated: May 29, 2014 SPENCER LAW FIRM


                                        /S/
                                        JEFFREY P. SPENCER
                                        Attorneys for Plaintiff

-10-

**COMPLAINT FOR DAMAGES**

1
2    **DEMAND FOR JURY TRIAL.**

3         Plaintiff hereby demands a trial by jury of all issues in this action.

4    Dated: May 29, 2014          SPENCER LAW FIRM
5
6                                       /S/
7                                 JEFFREY P. SPENCER
                                  Attorneys for Plaintiffs
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR DAMAGES**

43

# EXHIBIT NO. 1

# EXHIBIT NO. 1



# THE
# SPENCER
## • LAW FIRM •

**A PROFESSIONAL CORPORATION**
903 Calle Amanecer, Suite 220
San Clemente, CA 92673

Telephone: (949) 240-8595
Facsimile: (949) 240-8515
email: jps@spencerlaw.net

April 28, 2014

SENT VIA CERTIFIED MAIL

William Wang
CEO, VIZIO Inc.
39 Tesla
Irvine, CA 92618

### RE: **NOTICE OF VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

Dear Mr. Wang:

My client Kirk Hinshaw purchased a model year 2014 Vizio E6001-B3 smart television from Costco in April of 2014. The reason he chose this model is that it was advertised and marketed by Vizio as including, in its available streaming programming, shows offered by the Amazon instant video service. Specifically, the advertising on the box stated that the Amazon Instant Video App (which would enable the television to stream programming from Amazon's instant video service) was included.

However, after purchasing the television and later attempting to use the Amazon App, Mr. Hinshaw discovered that it did not function. Instead, the television displayed a message stating the Amazon Instant Video App was not available. Subsequent investigation has revealed that the Amazon Instant Video App does not work on any of the 2013 and 2014 model year smart television sold by Vizio. Vizio was aware of this fact when it sold these televisions for many months and knew that, contrary to the advertisements, packaging and representations, the Amazon instant video service was not accessible through these televisions.

If Mr. Hinshaw had known prior to the purchase that Vizio's advertised Amazon Instant Video App did not work, he would not have purchased the television. He could have and would have purchased a

1

45

smart television manufactured by other competitors of Vizio that had an operational Amazon Instant Video App.

Vizio materially misrepresented the capabilities, characteristics and functionality of its 2013 and 2014 model year Vizio smart televisions advertised and represented as including an Amazon Instant Video App. It is an unfair and illegal business practice to represent goods for sale as having characteristics, uses, benefits or qualities which they do not have.

CONSUMER LEGAL REMEDIES ACT NOTIFICATION

This is to notify you that Vizio Inc. has engaged in unfair methods of competition or unfair or deceptive acts or practices in violation of California Civil Code §1770 in connection with the transactions occurring on or about numerous dates with regard to each person who purchased 2013 and 2014 model year Vizio smart televisions in reliance upon Vizio's false representations that the televisions included an Amazon Instant Video App. Vizio represented, advertised and marketed the televisions as having a working Amazon Instant Video App. when Vizio knew the televisions did not have a working Amazon Instant Video App. **This Notice is made on behalf of Kirk Hinshaw and all similarly situated persons.**

Vizio Inc.'s conduct violates California Civil Code § 1770(a), which provides:

The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

> (5)  Representing that goods have characteristics, uses or, benefits or qualities which they do not have; and

> (9) Advertising goods and services with intent not to sell them as advertised.

Demand is hereby made pursuant to California Civil Code §1782, subdivision (a) (2) that within 30 days after receipt of this notice you rectify the situation by agreeing to the following:

a) Identify each person who purchased a 2013 or 2014 model year Vizio smart television which Vizio represented included an Amazon Instant Video App;

b) With regard to each such person, make restitution of all money they paid for the Vizio televisions, including compensation for loss of use and inconvenience and attempted repairs and interest on those amounts;

c) Identify all 2013 and  2014 model year Vizio smart televisions which Vizio represented included an Amazon Instant Video App;

d)  Issue a statement advising the general public that the 2013 and 2014 model year Vizio smart televisions do not have a working Amazon Instant Video App;

2

e)  Discontinue representing, marketing and selling the 2013 and 2014 model year Vizio smart televisions as including a working Amazon Instant Video App;

f)  Pay reasonable attorneys' fees; and

g)  Present proof of compliance with each of these conditions to this office.

If you would like to discuss this matter further, please do not hesitate to contact me.

Sincerely,

Jeffrey Spencer
Attorney for Kirk Hinshaw

3

# EXHIBIT C

Civil Case Access - Print Case Information                                    Page 1 of 2

Case Summary:

| Case Id: | 30-2014-00719115-CU-BT-CXC |
|---|---|
| Case Title: | KIRK HINSHAW VS. VIZIO INC. |
| Case Type: | BUSINESS TORT |
| Filing Date: | 04/28/2014 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 3138937 RECEIVED ON 04/28/2014 06:16:18 PM. | 04/29/2014 | | *NV* | |
| 2 | COMPLAINT FILED BY HINSHAW, KIRK ON 04/28/2014 | 04/28/2014 | | 15 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY HINSHAW, KIRK ON 04/28/2014 | 04/28/2014 | | 1 pages | ☐ |
| 4 | PAYMENT RECEIVED BY FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 11584468 AND RECEIPT NUMBER 11408473. | 04/29/2014 | | 1 pages | ☐ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER ANDLER, GAIL ON 04/28/2014. | 04/28/2014 | | 1 pages | ☐ |
| 6 | E-FILING TRANSACTION 3140296 RECEIVED ON 05/01/2014 12:40:21 PM. | 05/02/2014 | | *NV* | |
| 7 | SUMMONS ISSUED AND FILED FILED BY HINSHAW, KIRK ON 05/01/2014 | 05/01/2014 | | 1 pages | ☐ |
| 8 | PEREMPTORY CHALLENGE PURSUANT TO 170.6 CCP (AS TO JUDGE ANDLER) FILED BY HINSHAW, KIRK ON 05/01/2014 | 05/01/2014 | | 2 pages | ☐ |
| 9 | CASE REASSIGNED TO KIM DUNNING EFFECTIVE 05/12/2014. | 05/12/2014 | | *NV* | |
| 10 | PEREMPTORY CHALLENGE UNDER C.C.P. 170.6 AS TO THE HONORABLE GAIL A. ANDLER FILED. | 05/12/2014 | | *NV* | |
| 11 | MINUTES FINALIZED FOR CHAMBERS WORK 05/12/2014 08:30:00 AM. | 05/12/2014 | | 1 pages | ☐ |
| 12 | CLERK'S CERTIFICATE OF SERVICE BY MAIL OC GENERATED | 05/12/2014 | | 1 pages | ☐ |
| 13 | E-FILING TRANSACTION 4191576 RECEIVED ON 05/16/2014 04:34:47 PM. | 05/16/2014 | | *NV* | |
| 14 | PROOF OF SERVICE BY MAIL FILED BY HINSHAW, KIRK ON 05/16/2014 | 05/16/2014 | | 3 pages | ☐ |
| 15 | STATUS CONFERENCE SCHEDULED FOR 08/27/2014 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 05/29/2014 | | *NV* | |
| 16 | THE STATUS CONFERENCE IS SCHEDULED FOR 08/27/2014 AT 10:00 AM IN DEPARTMENT CX104. | 05/29/2014 | | *NV* | |

Civil Case Access - Print Case Information                                      Page 2 of 2

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 17 | MINUTES FINALIZED FOR CHAMBERS WORK 05/29/2014 03:08:00 PM. | 05/29/2014 | | 1 pages | |
| 18 | CLERK'S CERTIFICATE OF SERVICE BY MAIL OC GENERATED | 05/29/2014 | | 1 pages | |
| 19 | E-FILING TRANSACTION 2338427 RECEIVED ON 05/29/2014 12:01:17 PM. | 05/31/2014 | | NV | |
| 20 | AMENDED COMPLAINT (FIRST AMENDED) FILED BY HINSHAW, KIRK ON 05/29/2014 | 05/29/2014 | | 15 pages | |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| THE SPENCER LAW FIRM | ATTORNEY | | 04/29/2014 | |
| LAKESHORE LAW CENTER | ATTORNEY | | 04/29/2014 | |
| KIRK HINSHAW | PLAINTIFF | | 04/29/2014 | |
| VIZIO INC. | DEFENDANT | | 04/29/2014 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 08/27/2014 | 10:00 | CX104 | DUNNING |

Print this page

49