Ekwan E. Rhow - State Bar No. 174604
   eer@birdmarella.com
David I. Hurwitz - State Bar No. 174632
   dih@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant VIZIO, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIRK HINSHAW, individually, and on behalf of all persons similarly situated,<br><br>       Plaintiff,<br><br>   vs.<br><br>VIZIO, INC., and DOES 1 through, 100, inclusive. | CASE NO. SACV14-00876-DOC (ANx)<br><br>CLASS ACTION<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Assigned to Hon. David O. Carter<br>Hon. Robert N. Block, Magistrate<br><br>Discovery Cutoff:   December 18, 2015<br>Pretrial Conference:  March 28, 2015<br>Trial Date:          April 5, 2015 |

      IT IS HEREBY STIPULATED AND AGREED, by and between counsel for

plaintiff Kirk Hinshaw ("Plaintiff") on the one hand and counsel for defendant

VIZIO, Inc., on the other hand ("Defendant") (each a "Party" and collectively, the

"Parties"), that:

### GOOD CAUSE STATEMENT

      This action involves technology concerning VIZIO's smart televisions and the

Amazon instant video app.  This action is likely to involve trade secrets and other

valuable research, development, commercial, financial, technical and/or proprietary

information for which special protection from public disclosure and from use for

3129778.2

any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this case.

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties

1  further acknowledge, as set forth in Section 12.3 below, that this Stipulated
2  Protective Order does not entitle them to file confidential information under seal;
3  this Court's Order and Civil Local Rule 79-5 sets forth the procedures that must be
4  followed and the standards that will be applied when a party seeks permission from
5  the Court to file material under seal.

6      **2.**    DEFINITIONS

7      **2.1**       Challenging Party: A Party that challenges the designation of
8  information or items under this Order.

9      **2.2**       "CONFIDENTIAL" Information or Items: Information
10  (regardless of how it is generated, stored or maintained) or tangible things that
11  qualify for protection under Federal Rule of Civil Procedure 26(c).

12      **2.3**       Counsel (without qualifier): Outside Counsel of Record and
13  House Counsel (as well as their support staff).

14      **2.4**       Designating Party: A Party or Non-Party that designates
15  information or items that it produces in disclosures or in responses to discovery as
16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES
17  ONLY."

18      **2.5**       Disclosure or Discovery Material: All items or information,
19  regardless of the medium or manner in which it is generated, stored, or maintained
20  (including, among other things, testimony, transcripts, or tangible things), that are
21  produced or generated in disclosures or responses to discovery in this matter.

22      **2.6**       Expert: A person with specialized knowledge or experience in a
23  matter pertinent to the litigation who (1) has been retained by a Party or its counsel
24  to serve as an expert witness or as a consultant in this action, (2) is not a past or
25  current employee of a Party or of a Party's competitor, and (3) at the time of
26  retention, is not anticipated to become an employee of a Party or of a Party's
27  competitor. This definition includes (1) the staff and colleagues of such advisor to
28  whom it is reasonably necessary to disclose the information in this litigation, and (2)

1  a professional jury or trial consultant retained in connection with this litigation.

2       **2.7**          HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY"

3  Information or Items: Extremely sensitive "Confidential Information or Items,"

4  whose disclosure to another Party or Non-Party would create a substantial risk of

5  serious harm that could not be avoided by less restrictive means. The "HIGHLY

6  CONFIDENTIAL–ATTORNEYS' EYES ONLY" designation is reserved for

7  Protected Material that constitutes (a) commercially sensitive business, marketing,

8  financial, sales, strategy, web traffic, research and development, or technical data or

9  information; (b) commercially sensitive competitive information, including, without

10  limitation, information obtained from a Non-Party pursuant to a current

11  Nondisclosure Agreement ("NDA"); (c) information or data relating to future

12  products not yet commercially released and/or strategic plans; and (d) commercial

13  agreements, settlement agreements, or settlement communications, the disclosure of

14  which is likely to cause harm to the competitive position of the Producing Party.

15       **2.8**          House Counsel: Attorneys who are employees of a Party to this

16  action. House Counsel does not include Outside Counsel of Record or any other

17  outside counsel.

18       **2.9**          Non-Party: Any natural person, partnership, corporation,

19  association, or other legal entity not named as a Party to this action.

20       **2.10**          Outside Counsel of Record: Attorneys who are not employees of

21  a Party to this action but are retained to represent or advise a Party to this action and

22  have appeared in this action on behalf of that Party or are affiliated with a law firm

23  which has appeared on behalf of that Party.

24       **2.11**          Party: Any party to this action, including all of its officers,

25  directors, employees, consultants, retained experts, and Outside Counsel of Record

26  (and their support staff).

27       **2.12**          Producing Party: A Party or Non-Party that produces Disclosure

28  or Discovery Material in this action.

2.13      Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14      Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

2.15      Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order apply only to deposition testimony and do not apply to evidence presented at any court hearings or proceedings. These protections cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including by becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**    <u>DESIGNATING PROTECTED MATERIAL</u>

**5.1**         Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2**         Manner and timing of designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

1   CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains
2   protected material. For documents produced in native format, the confidentiality
3   designation can be made in the corresponding file name.

4       A Party or Non-Party that makes original documents or materials available for
5   inspection need not designate them for protection until after the inspecting Party has
6   indicated which material it would like copied and produced. During the inspection
7   and before the designation, all of the material made available for inspection shall be
8   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the
9   inspecting Party has identified the documents it wants copied and produced, the
10  Producing Party must determine which documents qualify for protection under this
11  Order. Then, before producing the specified documents, the Producing Party must
12  affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
13  ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

14      (b) for testimony given in deposition, that the Designating Party identify on
15  the record, before the close of the deposition, all protected testimony and specify the
16  level of protection being asserted. When it is impractical to identify separately each
17  portion of testimony that is entitled to protection and it appears that substantial
18  portions of the testimony may qualify for protection, the Designating Party may
19  temporarily designate as protected the entire rough transcript and will have up to 14
20  days from receipt of the final transcript to identify the specific portions of testimony
21  as to which protection is warranted and to specify the level of protection being
22  asserted. Only those portions of the testimony that are appropriately designated for
23  protection within 14 days from receipt of the final transcript shall be covered by the
24  provisions of this Stipulated Protective Order.

25      Alternatively, a Designating Party may specify, at the deposition or up to 21
26  days afterwards if that protection is properly invoked, that the entire transcript shall
27  be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
28  EYES ONLY."

1   Parties shall give the other parties notice if they reasonably expect a

2   deposition to include Protected Material so that the other parties can ensure that only

3   authorized individuals who have signed the "Acknowledgment and Agreement to Be

4   Bound" (Exhibit A) are present at those proceedings. The use of a document as an

5   exhibit at a deposition shall not in any way affect its designation as

6   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7   ONLY."

8   Transcripts containing Protected Material shall have an obvious legend on the

9   title page that the transcript contains Protected Material, and the title page shall be

10   followed by a list of all pages (including line numbers as appropriate) that have been

11   designated as Protected Material and the level of protection being asserted by the

12   Designating Party. The Designating Party shall inform the court reporter of these

13   requirements. Any transcript that is prepared before the expiration of a 21-day

14   period for designation shall be treated during that period as if it had been designated

15   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

16   otherwise agreed. After the expiration of that period, the transcript shall be treated

17   only as actually designated.

18   (c) for information produced in some form other than documentary and for

19   any other tangible items, that the Producing Party affix in a prominent place on the

20   exterior of the container or containers in which the information or item is stored the

21   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

22   EYES ONLY."

23   **5.3**        Inadvertent Failures to Designate. If timely corrected, an

24   inadvertent failure to designate qualified information or items does not, standing

25   alone, waive the Designating Party's right to secure protection under this Order for

26   such material. Upon timely correction of a designation, the Receiving Party must

27   make reasonable efforts to assure that the material is treated in accordance with the

28   provisions of this Order.

**6.**     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1**          Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2**          Pre-Filing Conference of Counsel. Prior to filing of any motion relating to discovery (including challenges to confidentiality designations), counsel for the parties shall comply the requirements of Local Rule 37-1.

**6.3**          Judicial Intervention. If counsel are unable to settle their differences, they shall formulate a written stipulation in compliance with Local Rule 37-2, and the moving papers shall comply with the requirement of Local Rule 37-2.

**7.**     ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1**          Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2**          Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1    (a) the Receiving Party's Outside Counsel of Record in this action, as well as

2    support staff of said Outside Counsel of Record to whom it is reasonably necessary

3    to disclose the information for this litigation;

4    (b) the officers, directors, and employees (including House Counsel) of the

5    Receiving Party to whom disclosure is reasonably necessary for this litigation and

6    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7    (c) Experts (as defined in this Order) of the Receiving Party to whom

8    disclosure is reasonably necessary for this litigation and who have signed the

9    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10    (d) the Court and its personnel;

11    (e) court reporters and their staff, professional jury or trial consultants, and

12    Professional Vendors to whom disclosure is reasonably necessary for this litigation

13    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

14    A); and

15    (g) the author or recipient of a document containing the information or a

16    custodian or other person who otherwise possessed or knew the information.

17    **7.3**    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

18    EYES ONLY" Information or Items. Unless otherwise ordered by the Court or

19    permitted in writing by the Designating Party, a Receiving Party may disclose any

20    information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

21    EYES ONLY" only to:

22    (a) the Receiving Party's Outside Counsel of Record in this action, as well as

23    employees of said Outside Counsel of Record to whom it is reasonably necessary to

24    disclose the information for this litigation;

25    (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

26    necessary for this litigation, (2) who have signed the "Acknowledgment and

27    Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

28    Section 7.4(a), below, have been followed;

3129778.2

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the

**7.4**    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.

(b) A Party that makes a request and provides the information specified in the preceding respective Sections may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in

1   detail the grounds on which it is based.

2   (c) A Party that receives a timely written objection must meet and confer with
3   the Designating Party (through direct voice to voice dialogue) to try to resolve the
4   matter by agreement within seven days of the written objection. If no agreement is
5   reached, the Designating Party may file a motion as provided in Civil Local Rule 37
6   (and in compliance with Civil Local Rule 79-5, if applicable) seeking an order
7   precluding the disclosure of the specified information to the Expert. Any such
8   motion must describe the circumstances with specificity and set forth in detail the
9   reasons why disclosure to the Expert would harm the Designating Party. In addition,
10  any such motion must be accompanied by a competent declaration describing the
11  parties' efforts to resolve the matter by agreement (i.e., the extent and the content of
12  the meet and confer discussions).

13  In any such proceeding, the Party opposing disclosure to the Expert shall bear
14  the burden of proving that the risk of harm that the disclosure would entail (under
15  the safeguards proposed) outweighs the Receiving Party's need to disclose the
16  Protected Material to its Expert.

17  **7.5**    Executed copies of the Agreement and Acknowledgment to Be
18  Bound shall be retained by counsel for the Receiving Party that discloses Protected
19  Material to the signatory of the Agreement. Those executed copies shall be retained
20  after the final disposition of this action.

21  **8.**    PROTECTED MATERIAL SUBPOENAED OR ORDERED
22  PRODUCED IN OTHER LITIGATION

23  If a Party is served with a subpoena or a court order that compels disclosure
24  of any information or items designated in this action as "CONFIDENTIAL" or
25  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

26  (a) promptly notify in writing the Designating Party. Such notification shall
27  include a copy of the subpoena or court order;

28  (b) promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify the Requesting Party in writing that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly (a) notify the Non-Party in writing that some or all of the information requested is subject to a confidentiality agreement with the Non-Party; (b) provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; (c) make the information requested available for

1    inspection by the Non-Party; and (d) notify the Requesting Party in writing when the
2    notice and accompanying information have been provided to the Non-Party.

3           (c) If the Non-Party fails to object or seek a protective order from this Court
4    within 7 business days of receiving the notice and accompanying information, the
5    Non-Party's objections to production are deemed waived and the Receiving Party
6    may produce the Non-Party's confidential information responsive to the discovery
7    request. If the Non-Party timely seeks a protective order, the Receiving Party shall
8    not produce any information in its possession or control that is subject to the
9    confidentiality agreement with the Non-Party before a determination by the Court.
10   Absent a court order to the contrary, the Non-Party shall bear the burden and
11   expense of seeking protection in this Court of its Protected Material.

12          **10.**    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL
13          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
14   Protected Material to any person or in any circumstance not authorized under this
15   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
16   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
17   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
18   persons to whom unauthorized disclosures were made of all the terms of this Order,
19   and (d) request such person or persons to execute the "Acknowledgment and
20   Agreement to Be Bound" that is attached hereto as Exhibit A.

21          **11.**    INADVERTENT PRODUCTION OF PRIVILEGED OR
22   OTHERWISE PROTECTED MATERIAL

23          **11.1**   When a Producing Party gives notice to a Receiving Party that
24   certain inadvertently produced material is subject to a claim of privilege or other
25   protection (collectively "privilege"), within 7 days of such notice the Receiving
26   Party shall delete or destroy materials containing such information and provide a
27   certification of counsel that all such inadvertently disclosed information has been
28   deleted and/or destroyed. Within 7 days of such certification, the Producing Party

shall provide a privilege log with respect to the inadvertently disclosed information. The Producing Party will maintain copies of all inadvertently disclosed information until any and all challenges to the Producing Party's privilege assertions regarding that information have been resolved by the court.

Such inadvertent disclosure or production shall in no way constitute a waiver or forfeiture of, or estoppel as to, any claim of privilege for such information and its subject matter. No Receiving Party will assert that the fact that it has been permitted to review or receive inadvertently disclosed information constitutes a waiver of any privilege that the Producing Party had or may have had. In thereafter seeking production of the inadvertently disclosed information, the Receiving Party shall not assert waiver or estoppel as a ground for such production. Nor shall the Producing Party use the inadvertently disclosed information as a basis for arguing for the disqualification of the Receiving Party's counsel.

**11.2**   If the Receiving Party becomes aware that the Producing Party may have disclosed information subject to attorney-client privilege and/or attorney work product immunity, the Receiving Party shall promptly notify the Producing Party. Upon review, the Producing Party may give notice pursuant to Section 11.1, in which case the procedures of that Section shall apply.

**12.**   MISCELLANEOUS

**12.1**   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2**   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3   Filing Protected Material.** In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents

that have been designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**13.** FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

/ / /

/ / /

/ / /

/ / /

/ / /

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Pursuant to L.R. 5-4.3.4(a)(2)(i), I, David I. Hurwitz, attest that all signatories

3    listed, on whose behalf this filing is submitted, concur in its content and authorize its

4    filing.

5    DATED:  March 23, 2015                    Jeffrey Spencer
                                                SPENCER LAW FIRM
6

7                                               Jeffrey Wilens
                                                LAKESHORE LAW CENTER
8

9

10                                      By:  _____/s/ Jeffrey Spencer_____
                                                    Jeffrey Spencer
11                                              *Attorneys for Plaintiff Kirk Hinshaw*

12

13   DATED:  March 23, 2015                    Bird, Marella, Boxer, Wolpert, Nessim,
                                                Drooks, Lincenberg & Rhow, P.C.
14

15

16                                      By:  _____/s/ David I. Hurwitz_____
                                                    David I. Hurwitz
17                                              *Attorneys for Defendant VIZIO, Inc.*

18

19       **IT IS SO ORDERED.**

20       Dated: March 23, 2015

21

22                                       _____
                                              The Honorable Robert N. Block
23                                            United States Magistrate Judge

24

25

26

27

28

3129778.2

17

**EXHIBIT "A"**

**Agreement Concerning Material Covered by Protective Order**

I, _____, hereby affirm the following:

1.    I have read and understand the terms of the Stipulated Protective Order (the "ORDER") entered in the Action, *Kirk Hinshaw v. VIZIO, Inc.*, Case No. SACV14-00876-DOC (ANx), United States District Court, Central District of California.

2.    I agree to comply with the terms of the ORDER.  I understand that this ORDER requires me not to disclose any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that is provided to me in the course of my involvement in this litigation to any person not authorized by the ORDER to receive such information.  I further agree that I will use the documents or information solely for purposes of this litigation in accordance with the ORDER.

3.    I agree that I shall return all documents containing any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that have been provided to me, together with any work product including such information upon demand by the Court or the counsel or Party or third party who furnished such information to me.  I further agree that, at the end of my involvement in this litigation, I will destroy copies of all documents provided to me which have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for which a return has not been demanded.

Date: _____

_____
Signature