**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  SA CV 14-0876-DOC (ANx)                              Date:  May 20, 2016

Title: KIRK HINSHAW, ET AL. V. VIZIO, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                                         None Present

**PROCEEDINGS (IN CHAMBERS):**   **SECOND ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [43]**

On May 9, 2016, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement ("Motion") (Dkt. 43). The Motion is not opposed by Defendant Vizio, Inc. ("Vizio" or "Defendant"). A hearing on the Motion is scheduled for May 27, 2016 at 8:30 a.m. Scheduling Notice (Dkt. 44).

On May 16, 2016, the Court ordered supplemental briefing from the parties ("May 16, 2016 Order") (Dkt. 46). In particular, the Court wrote:

> 1. In the Motion, Plaintiffs state "[t]he total value of the settlement is $2,346,340 with no reversion." Mot. at 2. The majority of this amount – $1,826,340 – consists of $4.99 credits for digital content to the each of the 366,000 class members. Each member of the class for whom Vizio has an email address will automatically be sent the credit if the settlement is approved. However, since Vizio does not know the names and email addresses of the class members who did not register their television, those class members will be required to submit an online claim form within 120 days of the preliminary approval in order to receive the free credit.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 14-0876-DOC (ANx)                                    Date: May 20, 2016
                                                                                                                    Page 2

> The Court seeks clarification on this issue. Specifically, what happens to the portion of the $1,826,340 that goes unclaimed (i.e. the credits leftover from the Class Members who did not submit the claims form)? Will those funds be redistributed in some way? Or will those credits simply be retained by Vizio?

On May 20, 2016, the parties submitted a Joint Response (Dkt. 47). The parties' response on this issue read as follows: "Responding to the Court's specific inquiry, as to those class members whose email addresses are unknown to VIZIO, the portion of the available credits that go unclaimed will not be redistributed or paid by VIZIO." Joint Response at 2.

The Court is deeply concerned and unsatisfied by this response. While the parties originally stated in their Motion the "total value of the settlement is $2,346,340 with *no reversion*," Mot. at 2 (emphasis added), the Joint Response indicates the settlement is, in fact, reversionary. Put simply, the unclaimed credits will not be redistributed in any way but rather will be *revert* back to Vizio. It appears the $2,346,340 amount is a *maximum* settlement amount, and in the likely event some Class Members do not submit a claim form, Vizio will pay less than that amount. *See Altamirano v. Shaw Indus., Inc.*, Case No. 13-cv-00939-HSG, 2015 WL 4512372, at *2 (N.D. Cal. July 24, 2015) ("The settlement amount is non-reversionary, meaning that in no circumstance will any of the $500,000 revert to Shaw, regardless of how many class members choose to participate in the settlement.") (citation omitted).

The Court is not inclined to approve a settlement agreement with possible reversion. "Claims made settlements with reversions to a defendant are strongly disfavored." *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 612 (E.D. Cal. 2015); *see also Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) ("As we said in *Bluetooth*, we require district courts to look for 'subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect the negotiations.' We went on to identify three such subtle signs: (1) 'when counsel receive a disproportionate distribution of the settlement;' (2) 'when the parties negotiate a 'clear sailing' arrangement' (i.e., an arrangement where defendant will not object to a certain fee request by class counsel); and (3) when the parties create a reverter that returns unclaimed fees to the defendant.") (quoting *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 14-0876-DOC (ANx)                                         Date: May 20, 2016
                                                                                                         Page 3

       The parties should be prepared to address and offer further clarification on this issue at the hearing. If the parties still maintain the "total value of the settlement is $2,346,340 with no reversion," they should clearly explain how that is so.[1]

       If the parties desire, they may submit additional clarification on this issue **on or before Tuesday, May 24, 2016.**

       The Clerk shall serve this minute order on the parties.

                                                                           Initials of Deputy Clerk: djg

MINUTES FORM 11
CIVIL-GEN

---

[1] Alternatively, the parties could inform the Court of any authority suggesting a reversionary settlement is appropriate in the context of voucher settlements. The Court has found no authority suggesting that is the case.