**THE SPENCER LAW FIRM**
Jeffrey Spencer , Esq., (State Bar No. 182440)
903 Calle Amanecer, Suite 220
San Clemente, CA 92673
Telephone No: (949) 240-8595
Facsimile No: (949) 240-8515
jps@spencerlaw.net

**LAKESHORE LAW CENTER**
Jeffrey Wilens, Esq. (State Bar No. 120371)
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
Telephone No: (714) 854-7205
Facsimile No: (714) 854-7206
jeff@lakeshorelaw.org

Attorneys for Plaintiff

UNITED STATES DISCTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISON

| | |
|---|---|
| KIRK HINSHAW individually, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VIZIO INC. and DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants.<br>_____ | **Case No SACV14-00876-DOC (ANx)**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO SECOND ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: June 6, 2016<br>Time: 8:30 a.m.<br>Dept. Court Room 9D<br>Hon. David O. Carter |

Plaintiff submits this separate supplemental memorandum in

response to the Court's Second Order re: Motion For Preliminary Approval Of Class Action Settlement.

The maximum value of the proposed settlement is $2,346,340 provided all class members make claims. The settlement provides that the consideration will be provided automatically to the 57% of the class members for whom Vizio has an email address with no claims requirement. The credit/vouchers have no expiration date. There is no reversion as to those class members.

As detailed in the Motion, the class members for whom Vizio does not have a valid email address will need to submit a claim in order to receive the settlement consideration. Plaintiff agreed to the claims process only because he did not see a way to automatically provide the consideration to the class members whose contact information was not known.

In drafting the motion, Plaintiff recognized the "non-reversionary" and "with no reversion" language was imprecise as to the portion of the settlement consideration that would not be paid unless the class members for whom Vizio did not have email addresses submitted claims. Plaintiff's Counsel intended to remove that language from the final draft of the motion. Plaintiff's Counsel inadvertently failed to remove the "non-reversionary" and "with no reversion" language and regrets the confusion

caused by its inclusion.


DATED: May 23, 2016

        Respectfully submitted,

        By _____

          JEFFREY SPENCER
          Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO SECOND ORDER RE:
MOTION FOR PRELIMINARY APPROVAL