**THE SPENCER LAW FIRM**
Jeffrey Spencer , Esq., (State Bar No. 182440)
903 Calle Amanecer, Suite 220
San Clemente, CA  92673
Telephone No: (949) 240-8595
Facsimile No:  (949) 240-8515
jps@spencerlaw.net

LAKESHORE LAW CENTER
Jeffrey Wilens, Esq. (State Bar No. 120371)
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA  92886
Telephone No:  (714) 854-7205
Facsimile No:   (714) 854-7206
jeff@lakeshorelaw.org

Attorneys for Plaintiff

UNITED STATES DISCTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISON

| | |
|---|---|
| KIRK HINSHAW individually, and on behalf of all persons similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>VIZIO INC. and DOES 1 THROUGH 100, INCLUSIVE,<br><br>          Defendants.<br><br>_____ | ) **Case No SACV14-00876-DOC (ANx)**<br>)<br>) **CLASS ACTION**<br>)<br>) **AMENDED CLASS ACTION**<br>) **SETTLEMENT AGREEMENT**<br>)<br>) Date: June 16, 2016<br>) Time: 4:30 p.m.<br>) Dept**.** Court Room 9D<br>) Hon. David O. Carter<br>)<br>)<br>)<br>)<br>) |

1

# AMENDED SETTLEMENT AGREEMENT

## 1.      PREAMBLE

1.1      This Amended Settlement Agreement is made and entered into as of the dates of Execution set forth below individually and on behalf of Plaintiff and the Settlement Class Members, all as further defined below, and on behalf of VIZIO, Inc., as further defined below.

## 2.      DEFINITIONS

2.1      The term ''Agreement'' as used herein means this Amended Settlement Agreement.

2.2      The term ''Attorneys' Fees and Costs'' as used herein means the attorneys' fees and costs to be requested by Class Counsel subject to Court approval in accordance with this Agreement.

2.3      The term "Claims Administrator" as used herein means the entity which, subject to Court approval, shall perform the duties of, among other things: (i) sending Emailed Notice to Settlement Class Members (in the form ordered by the Court); (ii) tracking Opt-Out Requests; (iii) notifying the Parties of determinations regarding Opt-Out Requests consistent with this Agreement; and other notice and administration duties in accordance with this Agreement and the Court's orders.

2.4      The term "Class Counsel" as used herein means the following counsel who appeared on behalf of Plaintiff or any Settlement Class Member in the Litigation: Jeffrey Spencer of the Spencer Law Firm and Jeffrey Wilens of Lakeshore Law Center.

2.5      The term "Class List" as used herein means the listing of the Settlement Class Members to be obtained, to the extent they can reasonably be ascertained, from VIZIO and/or Amazon in accordance with this Agreement.

2.6      The term "Court" as used herein means the District Court and any appellate court which may review any orders entered by the District Court related to this Settlement.

2.7      All dates for events provided herein based on a number of "days" (unless the date is expressed in terms of "business days") shall be calculated using the same approach as calculating days under the Federal Rules of Civil Procedure.

2.8      The term "District Court" as used herein means the United States District Court for the Central District of California.

2.9      The term "Execution" as used herein refers to the signing of this Agreement by all signatories hereto.

2.10     The term "Final Judgment" as used herein refers to the Final Judgment approving the Settlement.

2.11     The term "Litigation" as used herein means the action entitled Kirk Hinshaw v. Vizio Inc., Case 8:14-cv-00876-DOC-AN, pending in the United States District Court for the Central District of California.

2.12     The term "Notice" as used herein means documents substantially in the form of the Long Form Notice of Proposed Class Action Settlement Between Plaintiff and VIZIO which the Claims Administrator will send to the class members and which will be posted on the Settlement webpage attached hereto as Exhibit 1, the TV Notice which will be displayed on the affected televisions attached hereto as Exhibit 2, and the Publication Notice which will be published by the claims administrator attached hereto as Exhibit 3 which have  been agreed to by the Parties subject to Court approval explaining the terms of the Settlement and the process for obtaining a Redemption Credit, Opt-Out, and objection processes.

2.13     The term "Notice and Administration Costs" as used herein means the costs to send notice and administer the Settlement as contemplated by this Agreement.

2.14     The term "Parties" as used herein means the Plaintiff, the Settlement Class Members, and VIZIO.

2.15     The term "Plaintiff" as used herein shall mean Kirk Hinshaw.

2.16     The term "Preliminary Approval," shall mean the Court's entry of an order pursuant to Rule 23(e) and the Court's Rules or Standing Orders.

2.17     The terms "Gross Settlement Fund"' or "GSF" and "Net Settlement Fund" or "NSF" as used herein means the Gross Settlement Fund and Net Settlement Fund to be set up in accordance with this Agreement.

2.18     The terms "Credit" or "Voucher" as used herein means a customer credit redeemable through Amazon for the purchase of digital content from Amazon.  The Credit is nontransferable.  Each Credit shall otherwise be subject to applicable laws, the Amazon.com Terms of Use (available at www.amazon.com), and any other terms of use or terms and conditions governing credits in effect at the time the Redemption Credits are issued.

2.19     The term "Released Claims" as used herein means the claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liabilities that are released, acquitted and discharged pursuant to this Agreement.

2.20     The term "Releasing Settlement Class Members" as used herein means the Plaintiff and all Settlement Class Members, other than those who timely Opt Out of the settlement by timely submitting an Opt-Out Request.

2.21    The term "Opt-Out Request" as used herein means the request submitted by any Settlement Class Member to opt out and be excluded from the Settlement Class.

2.22    The term "Settlement" as used herein means the compromise and settlement of the Litigation as contemplated by this Agreement.

2.23    The term "Settlement Class Member Released Claims" as used herein means the claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liabilities that are released, acquitted and discharged pursuant to this Agreement.

2.24    The term "Settlement Class Members" as used herein means the Plaintiff and all members of the Settlement Class.

2.25    The term "Settlement Effective Date" as used herein means the first day following the last of the following occurrences:

2.25.1. The Parties and their respective attorneys have executed this Agreement;

2.25.2. The Court has entered a Preliminary Approval Order substantially as referenced above;

2.25.3. The Court has entered a Final Approval Order and has entered a Judgment substantially as referenced in Paragraph 2.10 above;

2.25.4. Either (1) no objection was made at the Final Approval Hearing or any objection that was made was withdrawn; (2) an objection was made and not withdrawn and the time to appeal the Judgment has expired with no appeal having been taken; (3) an appeal was taken but was settled, dismissed or resolved; or (4) an appeal was taken and the Judgment has been affirmed in its entirety by the court of last resort to which any appeal has been taken or petition for review has been presented, and such affirmance has become no longer subject to further appeal or review.

2.25.5. The provisions and deadlines set forth in this Section shall apply even if there are no objections to the Settlement.

2.26    The term "TV Notice" as used herein means a document substantially in the form of the summary notice attached hereto as Exhibit 2 which has been agreed to by the Parties subject to Court approval and which shall be used for notice purposes.

2.27    The term "VIZIO" as used herein means VIZIO, Inc.,  and each of its current or former subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, partners, employers, attorneys, personal representatives, executors, and shareholders.

3.       **RECITALS**

3.1       On April 28, 2014, plaintiff Kirk Hinshaw filed a complaint against VIZIO, Inc. in the Superior Court of California, County of Orange, 30-2014-00719115-CU-BT-CXC.  On May 29, 2014, Plaintiff filed a first amended complaint.  On June 6, 2014, VIZIO removed the Litigation to the United States District Court for the Central District of California, Case No. 8:14-cv-00876-DOC-AN.

3.2       The First Amended Complaint asserts claims under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) and Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.) and seeks restitution, compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees.  VIZIO denies the substantive allegations as set forth in its Answer.

3.3       Class Counsel represent that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Plaintiffs' and the Settlement Class Members' claims against VIZIO, including, but not limited to: (i) interviewing class members and analyzing the results of class member interviews; (ii) reviewing relevant documents; (iii) researching the applicable law and the potential defenses; (iv) conducting depositions; (v) hiring and consulting with experts; (vi) developing the argument for class certification; (vii) advocating for the rights of the putative class; and (viii) preparing for trial. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by VIZIO, trial risk, and appellate risk.

3.4       VIZIO denies any liability or wrongdoing of any kind associated with the claims alleged and contends that this Litigation is not appropriate for class or collective action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or any other federal or state rule, statute, law, or provision.  VIZIO believes that the Litigation fails to meet the prerequisites necessary for class or collective action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the Litigation unmanageable consistent with due process. VIZIO further asserts that it has complied with all applicable provisions of federal or state statutory and common law.  VIZIO further states that despite its good faith belief that it is not liable for any of the claims asserted, and despite its good faith belief that certification is not appropriate, VIZIO will not oppose the District Court's certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement.  Other than for purposes of this Settlement, VIZIO does not waive its objections to certification of the Settlement Class, or any other class, in this Litigation as a litigation class.

3.5       The entry of Final Judgment in this Litigation shall serve as a release of all claims which were alleged in the Litigation by Settlement Class Members against VIZIO or as detailed in paragraph 12 of this agreement, with the exception of any claims which might be retained by Settlement Class Members who exclude themselves from the Settlement, if any. VIZIO shall retain any existing defenses to such excluded claims.  The Parties agree to cooperate

and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss this Litigation against VIZIO with prejudice.

        3.6     Each of these Recitals is incorporated into and made a part of this Agreement.

## 4.     CERTIFICATION OF THE SETTLEMENT CLASS

        4.1     The Parties and Class Counsel agree that, if approved, certification of the Settlement Class is a conditional certification for settlement purposes only, and if for any reason the District Court does not grant final approval of the Settlement, or if final approval is not granted following the appeal of any order by the District Court, or if for any reason the Settlement Effective Date does not occur, the certification of the Settlement Class shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to execution of this Settlement Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, shall be admissible or used for any purpose in this Litigation.

        4.2     The Parties and Class Counsel agree that, if approved, certification of the Settlement Class is in no way an admission by VIZIO that class certification is proper in this Litigation or any other litigation against VIZIO.  The Parties  and Class Counsel further agree that, other than to effectuate the Settlement of this Litigation in this jurisdiction, the certification of the Settlement Class and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, are only intended to be used under the specific facts and circumstances of this case and are not intended to be used in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding against VIZIO.

## 5.     SETTLEMENT CLASS

        5.1     Subject to the provisions above, the Parties agree to request that the Court enter a certification order and certify for settlement purposes only the following Settlement Class:

> any person residing in the United States who purchased a VIZIO television between January 1, 2014 and June 23, 2014 and was unable to access streaming content from Amazon Instant Video after connecting the television to the internet.

        5.2     According to VIZIO's best information and belief, the number of televisions in the Settlement Class is approximately 366,000.

        5.3     The Settlement is conditioned on the Court's certifying this Class for settlement purposes.

        5.4     VIZIO and Class Counsel may agree to request that the Court certify additional settlement subclasses as may be appropriate.

6.      **TERMS OF SETTLEMENT**

6.1      Subject to the other terms and conditions of this Agreement, and subject to Court approval, VIZIO shall create a non-reversionary Settlement Fund with a value of $2,346,340 (The Gross Settlement Fund, "GSF") which shall be composed of both a Cash Component and a Credit Voucher Component as follows:

6.2      VIZIO agrees to pay a portion of the GSF in cash. This cash payment, called the Cash Component, shall cover the following:

6.2.1.   Reasonable Attorneys' Fees and Costs.  Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Costs of up to 25% of the Settlement Fund (including the aggregate value of the Redemption Credit Component and Cash Component), not to exceed $440,000.  VIZIO will not oppose an application for a reasonable award of Attorneys' Fees and Costs sought in accordance with this Agreement.  In the event that the Court does not approve the award of Attorneys' Fees and Costs requested by Class Counsel, or the Court awards Attorneys' Fees and Costs in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement or for rendering the entire Settlement null, void, or unenforceable.  Class Counsel retain their right to appeal any decision by the Court regarding the Court's award of Attorneys' Fees and Costs.

6.2.2.   An incentive award to the Class Representative subject to court approval not to exceed $10,000.

6.2.3.   The actual Notice and Administration Costs incurred in accordance with this Agreement.

6.2.4.   Any amounts not awarded as attorneys' fees, incentive award or Notice and Administration costs shall be added to the Net Settlement Fund described in paragraph 6.3.

6.3      The Net Settlement Fund ("NSF") shall be all amounts left in the GSF minus attorneys' fees/costs, incentive award and notice and administration costs awarded by the Court. Each person who submits a claim or for whom VIZIO has a valid email address shall receive a pro rata share of the NSF in the form of a voucher good for use at the Amazon website to purchase digital content of the Class Members' choosing from Amazon. The voucher will be provided to each claimant at their email address of record either provided by VIZIO to the Claims Administrator or the email address submitted via the online claim form. The voucher can be used at any time and does not expire and can be used on one or more items until it is exhausted.

7.      **NOTICE TO THE CLASS**

7.1      Given the size of the Settlement Class and the address information available, the Parties agree that the best practicable notice is a combination of (1) direct notice via email and (2) direct notice via the affected televisions, (3) publication notice and (4) Long Form Notice on the Settlement webpage.

7.2     The Emailed Notice shall include a description of the terms and conditions of the Settlement including instructions on how the Redemption Credit will be provided to the class members.  The long form Emailed Notice shall also advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement, the process by which such opt-outs or objections must be made, and the date set by the District Court for a hearing on final approval of the Settlement.  Subject to Court approval, the Emailed Notice shall be substantially in the form attached hereto as Exhibit 1.

7.3     In addition to the Emailed Notice, VIZIO will transmit a message to the Settlement Class Members via the internet directly to their televisions (the "TV Notice").  The TV Notice will be displayed a total of two times, with the first phase of notices commencing within 20 days of entry of a Preliminary Approval Order, and the second phase commencing five days thereafter.  The TV Notice will be prominent in size, using easily legible fonts and will remain displayed for 30 seconds unless the class member selects a command button to remove it. The TV Notice will inform recipients that they may be members of a Settlement Class, the credit provided by the settlement, claims deadlines and direct them to the settlement website established by the claims administrator to obtain the long form of the class notice attached hereto as Ex. 1.  Subject to Court approval, the short form TV Notice shall be substantially in the form attached hereto as Exhibit 2.  The settlement website will also direct class members how to obtain the Credit and will contain a link to submit a claim for the credit.  The Claim Form shall be substantially in the form of Exhibit 4.

7.4     VIZIO shall provide to the Claims Administrator a list of those emails of the Settlement Class Members known to it.  Plaintiff and VIZIO shall cooperate in seeking to obtain additional email addresses from Amazon, to the extent such additional email addresses can be reasonably ascertained by Amazon.  VIZIO and Plaintiff agree that all Class List information shall be treated as confidential and subject to the Protective Order entered in this Litigation, and that the contents of the Class List shall be shared only with the Claims Administrator and that the Claims Administrator shall be required to sign the Protective Order and preserve the confidentiality of the Class List.

7.5     The Claims Administrator shall provide the Emailed Notice within twenty (20) days following the District Court's preliminary approval of the Settlement.

7.6     Emailed Long Form Notice, and other materials as agreed to by the Parties and approved by the District Court, shall be available within 15 days following Preliminary Approval at a website to be set up and administered by the Claims Administrator.  The Claims Administrator shall also establish a toll-free phone line and an email account within 15 days following Preliminary Approval to respond to inquiries from Settlement Class Members.  The website address, toll-free phone number, and email address will be included in the Emailed Notice and the TV Notice.

7.7     The Claims Administrator will also provide Publication Notice to the Settlement Class Members by publication in USA Today newspaper .  The Publication Notice will be published on or before the date as the Email Notice is first sent.

7.8     With respect to Notice and Administration Costs, the Parties shall obtain estimates from one (1) or more claims administrators as to the estimated costs of notice as described in this Section 7, and the estimated costs of administration of the Settlement.  VIZIO's contributions to the GSF for Notice and Administration Costs shall be capped at an amount equal to fifteen percent (15%) over the estimate provided by the chosen Claims Administrator.  If the actual Notice and Administration Costs are less than the estimated Notice and Administration Costs, VIZIO shall only be obligated to pay the actual Notice and Administration Costs.  All Notice and Administration Costs paid by VIZIO shall be paid from the Cash Component of the GSF.

## 8.     REDEMPTION PROCESS

8.1     Following the Settlement Effective Date, the Class Administrator will send a Credit Voucher  to each Settlement Class Member for whom it has a valid email address, along with instructions on how to redeem the credit via Amazon.

8.2     Class Members for whom the Class Administrator  does not have a valid email address, must submit a claim via the claim form located on the settlement website within one hundred twenty (120) days from the date the Emailed Notice  is first disseminated.  The TV Notice, Publication Notice, and Emailed Notice will include the website address of the settlement administrator.  Settlement Class Members submitting a claim via the settlement website will be required to submit identifying information, such as the serial number of their television, to support their request. The settlement website must provide clear and simple instructions as to how the class member is to locate the serial number of the television, which information must be available without having to move the television set.  These Settlement Class Members will also be required to provide an email address so they can be sent the Credit Voucher upon approval of the Settlement.  In order for a claim to be considered timely, it must be submitted on the settlement website by 11:59 pm Eastern Time on the one hundred twentieth (120th) day from the date the Emailed Notice is first disseminated.  These deadlines shall be set forth clearly in the TV Notice and the Emailed Notice.

8.3     In order for a claim to be valid , the requesting party must be a member of the Class as set forth in Section 5.  Requests shall be subject to confirmation via the television serial number that the requesting party is, in fact, a Settlement Class Member.

## 9.     OPT-OUT PROCESS

9.1     A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the release of claims pursuant to this Settlement, shall submit a Request to Opt Out to the claims administrator.  For a Request to Opt Out to be accepted it must be timely and valid.  To be timely it must be postmarked or emailed by the date which is sixty (60) days after the date the Emailed Notice is first disseminated.  To be valid, the Request to Opt Out shall contain a statement that the Settlement Class Member requests to be excluded from the Settlement Class.

9.2     A Settlement Class Member who submits a Request to Opt Out is not eligible to recover a share of the Class Settlement Amount.  No Settlement Class Member may

submit both a Request to Opt Out and claim for a Credit Voucher, and if a Settlement Class Member submits both a Request to Opt Out and a claim for a Credit Voucher, the Request to Opt Out will be void.

       9.3    The Claims Administrator shall maintain a list of persons who have excluded themselves and shall provide such list to the Parties in weekly reports throughout up to the Final Approval Hearing date. The Claims Administrator shall retain the originals of all Requests to Opt Out (including envelopes with the postmarks) received from Settlement Class Members, and shall make copies or the originals available to VIZIO and Class Counsel as they are received.

## 10.    OBJECTION PROCESS

       10.1    A Settlement Class Member who wishes to object to the Settlement must notify the District Court and counsel for VIZIO and the Class of his or her objection, in writing, within sixty (60) days of the date the Emailed Notice is first disseminated.

       10.2    To be considered valid, an objection must be in writing, must include the objector's name and address, and must include the basis for the objection (including why the objector believes the settlement is not in the best interest of the Settlement Class), along with any and all documents that support the objection. The objection must also indicate whether or not the objector intends to appear at the hearing on the motion for final approval of the Settlement. The objection must be filed with the Court on or before the deadline, and a copy must be served on Class Counsel and on Counsel for VIZIO. Additional instructions regarding how to object to the Settlement are contained in the Long Form Notice, Exhibit 1.

       10.3    Settlement Class Members who do not file and serve timely written objections in accordance with the procedures set forth in this Agreement and the Long Form Notice shall be deemed to have waived any objections to the Settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.

## 11.    DISTRIBUTION PROCESS

       11.1    The Class Settlement Amount shall be funded through the GSF in accordance with this Agreement. The timing of the payments by VIZIO to the GSF shall be as follows:

       11.1.1. Within ten (10) business days following the date on which the District Court enters an order granting preliminary approval of the Settlement, or within ten (10) business days of the date on which the District Court enters an order approving the GSF, whichever is later, VIZIO shall transfer to the GSF the estimated Notice and Administration Costs as determined in accordance with this Agreement. VIZIO shall thereafter continue periodically to fund the GSF to cover additional Notice and Administration Costs, if required, in accordance with this Agreement. If, however, VIZIO has paid into the GSF monies for Notice and Administration Costs that have not been used by the Claims Administrator, those

amounts not used by the Claims Administrator shall be added to the NSF for distribution to the Class Members pursuant to the provisions of Paragraph 6.3.

11.1.2. Within five (5) business days following the Settlement Effective Date, VIZIO shall transfer to the GSF an amount sufficient to cover the remainder of the Cash Component, to include the Attorneys' Fees and Costs awarded by the Court pursuant to Section 6.2.1, and the Class Representative Incentive Payments awarded by the Court pursuant to Section 6.2.2. Class Counsel shall provide the information as to where these payments should be made by the Claims Administrator and that information shall be included in the District Court's Final Judgment, or in separate order to be entered by the District Court.

11.1.3. All monies remaining in the GSF after payments of the cash component of the settlement shall be added to the NSF for distribution to the Class Members pursuant to provisions of Paragraph 6.3.

11.2   Distributions from the GSF shall be handled as follows:

11.2.1. Other than for purposes of paying invoices submitted by the Claims Administrator, the Claims Administrator shall not distribute any payments required under this Agreement until after the Settlement Effective Date has occurred.

11.2.2. If any liens for Attorneys' Fees and Costs have been filed prior to the transfer of funds for Attorneys' Fees and Costs out of the GSF, no monies shall be transferred out of the GSF for purposes of Attorneys' Fees and Costs until all such liens have been resolved and withdrawn.

11.2.3. Attorneys' Fees and Costs awarded by the Court pursuant to this Agreement shall be paid to the individuals or entities specified in the Court order approving such Attorneys' Fees and Costs within five (5) days of the effective date.

11.2.4. Any incentive award awarded to the Class Representative by the Court will be paid to the Class Representative within five (5) days of the effective date.

11.2.5. Subject to the other provisions of this Section, payments shall be made from the GSF to the appropriate recipients within a reasonable time after receipt of the funds from VIZIO, or receipt of a Court order or other authorization for the release of such funds, as appropriate.

## 12.   COMPREHENSIVE WAIVER, RELEASE, AND DISMISSAL

12.1   Settlement Class Member Released Claims- Release by Settlement Class Members

12.1.1. Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members do hereby irrevocably release, acquit, and forever discharge VIZIO of and from any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those

costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that (1) were asserted in the Litigation or (2) are based upon, arise out of or reasonably relate to the inability of the Settlement Class Members to receive streaming video from Amazon Instant Video between January 1, 2014 and June 23, 2014, whether such claims are now known or unknown to the Plaintiff or the Settlement Class Members (the "Released Claims"). With respect to the Released Claims only, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

12.2    The Parties acknowledge that this Settlement, including the releases provided in this Section, reflects a compromise of disputed claims.

12.3    The Final Judgment shall incorporate the terms of this release.

## 13.    DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY COURT APPROVAL

13.1    Within twenty (20) days of the Execution of this Agreement, Class Counsel shall apply to the Court for the entry of an order granting preliminary approval of the Settlement substantially in the form attached hereto as Exhibit 5, and:

13.1.1. Preliminarily approving the Settlement;

13.1.2. Approving as to form, timing and content the proposed notices and notice plan, including the Long Form Notice to be emailed, the TV Notice, Publication Notice, and the Claim Form;

13.1.3. Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Settlement Class; and

13.1.4. Approving a Claims Administrator.

13.2    VIZIO shall cooperate with Class Counsel as necessary to obtain preliminary approval.

13.3    The Parties shall continue to take any steps necessary to stay any pending proceedings so as to preserve the status quo in the event that the Settlement Effective Date does not occur.

## 14.    DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

14.1    Following preliminary approval by the District Court of the Settlement, Class Counsel will submit a proposed Final Judgment.  The proposed Final Judgment and Order of Dismissal shall:

14.1.1. Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate and directing consummation of its terms and provisions;

14.1.2. Approve Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

14.1.3. Approve the incentive award to the Class Representative.

14.1.4. Certify the Settlement Class for Settlement purposes in accordance with applicable legal standards;

14.1.5. Dismiss this Litigation  on the merits and with prejudice and permanently bar the Plaintiff and all Settlement Class Members (other than those who timely filed valid Opt-Out Requests) from further prosecuting any of the Settlement Class Member Released Claims against VIZIO.

14.1.6. VIZIO shall cooperate with Class Counsel as necessary to obtain final approval and the dismissal of the Litigation as to VIZIO.

14.1.7. The Final Judgment and Order of Dismissal shall not be considered final until the occurrence of the Settlement Effective Date.

## 15.    MUTUAL FULL COOPERATION

15.1    The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of VIZIO and its counsel, take all necessary steps to secure the Court's Final Judgment.

## 16.    STATEMENT OF NO ADMISSION

16.1    Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of VIZIO, and VIZIO denies liability for any alleged wrongdoing.  VIZIO expressly denies liability for the claims  asserted and specifically denies and does not admit any of the pleaded facts not admitted in its pleadings in the Litigation.  Nor shall this Agreement constitute an admission by VIZIO as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in

the Litigation.  Likewise, nothing in this agreement shall be construed or deemed an admission by Plaintiff or the Settlement Class with regards to the validity of any of VIZIO's defenses or affirmative defenses.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

16.2     This Agreement, and all related documents, including the Settlement Agreement, the certification for settlement purposes entered pursuant to this Agreement, and any Opt-Out Requests or Objections submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Litigation or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against VIZIO, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

16.3     The Opt-Out Requests or Objections, or other evidence produced or created by any Settlement Class Member in connection with the claims resolutions procedures pursuant to this Settlement, and any actions taken by VIZIO in response to such Opt-Out Requests, Objections, or other evidence, do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by VIZIO of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

16.4     The Parties and Class Counsel agree that certification of the Settlement Class in accordance with the terms of this Agreement is for settlement purposes only.  Nothing in this Agreement will be construed as an admission or acknowledgement of any kind that any class should be or should have been certified in this Litigation or in any other action or proceeding.  Further, neither this Agreement, nor the Court's actions with regard to this Agreement, will be deemed admissible in this Litigation and are not intended to be admissible (and Plaintiff and Class Counsel shall not seek their admission), in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment.  In the event that this Agreement is not approved by the District Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, VIZIO will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Litigation.  Such objections and defenses include, but are not limited to, VIZIO's objections and defenses to any class-wide treatment and nothing in this Agreement or any document related to this Agreement shall be construed as a waiver by VIZIO of its contention that class certification is not appropriate and is contrary to law in this Litigation or any other case or proceeding.

## 17.     VOIDING THE AGREEMENT

17.1     In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings

either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against VIZIO.

17.2    In the event that the Court does not approve the Attorneys' Fees and Costs in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Costs requested by Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Costs.

## 18.    SIGNATORIES' AUTHORITY

18.1    The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## 19.    NO PRIOR ASSIGNMENTS

19.1    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## 20.    NOTICES

20.1    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given: (i) on the date given, if given by hand delivery; (ii) within one business day, if sent by overnight delivery services such as Federal Express or similar courier; or (iii) on the third business day after mailing by United States mail.  All notices given under this Agreement shall be addressed as follows:

20.1.1. **To Plaintiff and the Settlement Class:**

Jeffrey Spencer
The Spencer Law Firm
903 Calle Amanecer, Suite 220
San Clemente, CA 92673

and

Jeffrey Wilens
Lakeshore Law Center
18340 Yorba Linda Blvd.
No. 107-610
Yorba Linda, CA 92886

20.1.2. **To Defendant VIZIO**

Ekwan E. Rhow
Bird, Marella, Boxer, Wolpert, Nessim, Drooks,
Lincenberg & Rhow, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561

## 21. DOCUMENTS AND DISCOVERY

21.1    No later than one year after a final, non-appealable judgment is entered disposing of all claims in the Litigation, Class Counsel agrees to destroy or erase all Confidential and Highly Confidential documents and data produced by VIZIO in the Litigation.  Class Counsel shall certify to VIZIO their good faith efforts to comply with this provision.

## 22. MISCELLANEOUS PROVISIONS

22.1    Construction.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or her or his counsel participated in the drafting of this Settlement.

22.2    Captions and Interpretations.  Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement.  Each term of this Agreement is contractual and not merely a recital.

22.3    Modification.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.  Notwithstanding the foregoing, the Parties agree that any dates contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

22.4    Integration Clause.  This Agreement, the Exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement.  No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

22.5    Binding on Assigns.  This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.  Class Counsel Signatories.  It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement.  The Emailed Notice, TV Notice, Publication Notice, and Long Form Notice on the settlement webpage will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature

of the release.  Excepting only those Settlement Class Members who timely submit an Opt-Out Request, the Emailed Notice, TV Notice, Publication Notice and Long Form Notice shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

       22.6    Counterparts.  This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

       22.7    Applicable Law.  This Agreement shall be governed by California law without regard to its choice of law or conflicts of law principles or provisions.

       22.8    Enforcement Actions.  In the event that one or more of the Parties institutes any legal action against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

DATED:  June _10_, 2016                     Plaintiff Kirk Hinshaw


By: _____
                                            Kirk Hinshaw



DATED:  June _10_, 2016                     Jeffrey Spencer
                                            SPENCER LAW FIRM

                                            Jeffrey Wilens
                                            LAKESHORE LAW CENTER

By: _____
                                            Jeffrey Spencer
                                            *Attorneys for Plaintiff Kirk Hinshaw*



DATED:  June ___, 2016                      VIZIO, Inc.


By: _____
                                            Rob Brinkman
                                            *Chief Administrative Officer of VIZIO, Inc.*


Approved as to Form:                        Bird, Marella, Boxer, Wolpert, Nessim,
                                            Drooks, Lincenberg & Rhow, P.C.
DATED:  June ___, 2016


By: _____
                                            David I. Hurwitz
                                            *Attorneys for Defendant VIZIO, Inc.*

DATED: June __, 2016                    Plaintiff Kirk Hinshaw


                                        By: _____
                                                    Kirk Hinshaw



DATED: June __, 2016                    Jeffrey Spencer
                                        SPENCER LAW FIRM

                                        Jeffrey Wilens
                                        LAKESHORE LAW CENTER


                                        By: _____
                                                    Jeffrey Spencer
                                            *Attorneys for Plaintiff Kirk Hinshaw*



DATED: June 13, 2016                    VIZIO, Inc.

                                        By: _____
                                                    Rob Brinkman
                                            *Chief Administrative Officer of VIZIO, Inc.*


Approved as to Form:                    Bird, Marella, Boxer, Wolpert, Nessim,
                                        Drooks, Lincenberg & Rhow, P.C.
DATED: June 13, 2016

                                        By: _____
                                                    David I. Hurwitz
                                            *Attorneys for Defendant VIZIO, Inc.*

# If you purchased a VIZIO smart television between January 1, 2014 and June 23, 2014, a class action may affect your rights.

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

- The settlement resolves a lawsuit over whether VIZIO, Inc. violated the California Consumer Legal Remedies Act and Unfair Competition Law.
- You could receive a pro rata share of a $2,346,340 non-reversionary settlement fund in the form of a credit voucher for use on Amazon Instant Video. The credit voucher will be at least $4.99, but will likely be greater than that amount depending on the number of claims.
- Court appointed lawyers will ask the Court to award legal fees and court costs.
- The two sides disagree whether VIZIO, Inc. operated legally.
- Your legal rights will be affected whether you act or not. Read this Notice carefully.   You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **Do Nothing** | You will:<br>• **Stay in the lawsuit**<br>• **Receive a pro-rata share of the settlement fund in the form of a  credit for use on Amazon Instant Video if you received this notice via email. If you did not receive the notice via email you must make a claim on the settlement webpage www.viziosettlement.com in order to receive the credit**<br>• **Give up certain rights** |
| **Exclude Yourself** | You will:<br>• **Get out of this lawsuit**<br>• **Receive no credit for use on Amazon Instant Video.**<br>• **Keep any rights to sue individually** |
| **Object to the Settlement** | You will:<br>• **Stay in the lawsuit.**<br>• **You will still receive the credit for use on Amazon Instant Video provided you received the notice via email or submit a claim on the settlement webpage www.viziosettlement.com.**<br>• **Be allowed to file court papers and appear before the Judge explaining why you do not like the settlement** |

Exhibit 1 Long Form Class Notice

- Your rights and options are explained in this Notice. To exclude yourself you must act before **September 6, 2016**.
- The Court must still decide whether to approve this settlement. The free credit will be provided if the Court approves the settlement and any appeals are resolved. Please be patient.
- Any questions? Read the rest of this Notice and visit www.viziosettlement.com.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.....................................................................................PAGE 3
1. Why did I get this notice?
2. What is this lawsuit about?
3. What is a class action and who is involved?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**...................................................................PAGE 4
5. Am I part of this Class?
6. Do I need proof in order to get compensation?

**THE SETTLEMENT BENEFITS**....................................................................PAGE 4
7. What does the settlement provide?
8. How do I get my free Credit?
9. What am I giving up to get to accept the settlement?
10. What if I do nothing at all?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**...............................PAGE 5
11. How do I exclude myself from the settlement?
12. If I do not exclude myself, can I sue One Source Talent for the same thing later?
13. If I exclude myself, can I still get the free membership or cash payment?

**THE LAWYERS REPRESENTING YOU**.........................................................PAGE 6
14. Do I have a lawyer in this case?
15. Should I get my own lawyer?
16. How will the lawyers and Plaintiff be paid?

**OBJECTING TO THE SETTLEMENT**.......................................................PAGE 6
17. How do I tell the Court I do not like the settlement?
18. What is the difference between objecting and excluding myself?

**THE COURT'S FAIRNESS HEARING**.......................................................PAGE 7
19. When and where will the Court decide whether to approve the settlement?
20. Do I have to come to the hearing?
21. May I speak at the hearing?

**GETTING MORE INFORMATION**................................................................PAGE 8
22. Are more details available?

Exhibit 1 Long Form Class Notice

## BASIC INFORMATION

### 1.    WHY DID I GET THIS NOTICE?

The records of VIZIO, Inc. show that you purchased a VIZIO Smart Television between January 1, 2014 and June 23, 2014 and connected the television to the internet during that time period.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit and about your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, you will receive certain compensation. You can receive updates about the progress of the settlement from the website listed at the bottom of this Notice.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California. The case is known as Hinshaw v. VIZIO, Inc., Case No. SACV14-00876-DOC (ANx). The person who sued is the Plaintiff and the company being sued is the Defendant.

### 2.    WHAT IS THIS LAWSUIT ABOUT?

The lawsuit contends that VIZIO, Inc. advertised, marketed and sold smart televisions between January 1, 2014 and June 23, 2014 as having the ability to access the Amazon Instant Video App. on the televisions when the televisions lacked that capability.

VIZIO, Inc. denies it did anything wrong, but chose to settle for economic reasons.

### 3.    WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Mr. Hinshaw) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." One court resolves the issues for all Class Members, except those who exclude themselves. United States District Court Judge David O. Carter is in charge of this case.

### 4.    WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for everyone who may have been harmed.

Exhibit 1 Long Form Class Notice

## WHO IS IN THE SETTLEMENT

**5.      AM I PART OF THIS CLASS?**

Judge Carter decided every person residing in the United States who purchased a VIZIO television between January 1, 2014 and June 23, 2014 and was unable to access streaming content from Amazon Instant Video after connecting the television to the internet is a class member.

**6.      DO I NEED PROOF IN ORDER TO GET COMPENSATION?**

If the settlement is approved, you will receive a credit voucher with an access code you can enter on your Amazon account to receive the credit. If you do not have an Amazon account, you will need to create one to receive the Amazon Instant Video credit. If you believe you <u>should</u> be a Class Member, but have not received this Notice via email, you can participate in the settlement by completing the claim form on the settlement webpage at www.viziosettlement.com. You can also contact Class Counsel at the address listed in paragraph 17 below. Remember, this lawsuit only applies to persons who purchased a VIZIO Smart Television and connected it to the internet between January 1, 2014 and June 23, 2014.

## THE SETTLEMENT BENEFITS

**7.      WHAT DOES THE SETTLEMENT PROVIDE?**

The settlement provides the Class Members will receive a pro-rata share of the $2,346,340 settlement fund in the form of a credit for use on the Amazon Instant Video website.
The credit voucher will be at least $4.99, but will likely be greater than that amount depending on the number of claims.

**8.      HOW DO I GET MY FREE CREDIT?**

If you received this notice via email and if the Court approves the settlement you will be sent a credit voucher to that email address and instructions on how to redeem the credit from Amazon.  If you do not have an Amazon account, you will need to create one to receive the Amazon Instant Video credit.

If you did not receive this notice via email you will need to fill out the claim form on the settlement webpage at www.viziosettlement.com no later than **November 3, 2016** or you will not receive the credit voucher.  If the Court approves the settlement you will then be sent a credit voucher with a redemption code to the email address you provide on the claim form and instructions on how to redeem the credit from Amazon. If you do not have an Amazon account, you will need to create one to receive the Amazon Instant Video credit.

There is no deadline to use the credit code.  The credit may be used on one or more

Exhibit 1 Long Form Class Notice

items until it is exhausted.

## 9.    WHAT AM I GIVING UP TO ACCEPT THE SETTLEMENT?

Unless you exclude yourself, you are staying in the Class and that means you cannot start a lawsuit, continue a lawsuit or join a lawsuit raising similar claims against Defendants. It also means you are "releasing" all of the Defendants (and related companies and persons) from any legal claims you might have relating to your inability to access the Amazon Instant Video App. on your VIZIO Smart Television between January 1, 2014 and June 23, 2014.

This release does not include any other claims you may have against VIZIO, Inc.

## 10.    WHAT IF I DO NOTHING AT ALL?

You will be automatically included in this settlement. You will be barred from participating in a similar lawsuit for the same thing, and will release your claims as described below, even if you never make a claim or use your free credit.

---

## EXCLUDING YOURSELF FROM THE SETTLEMENT

---

## 11.    HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you don't want the benefit from this settlement, but you want keep the right to sue or continue to sue VIZIO, Inc. on your own, about the legal issues in this case, then you must take steps to remove yourself from the class. This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action, nor will you receive any compensation.

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from the Hinshaw v. VIZIO class action. You must include your name and address, telephone number, state you wish to exclude yourself from the settlement, and sign the letter. You must mail your Exclusion Request to Hinshaw v. VIZIO, Inc. Settlement Administrator, _____, Irvine, CA_____.

The Exclusion Request must be postmarked by **September 6, 2016** or it will not be valid and you will be included in the settlement.

## 12.    IF I DO NOT EXCLUDE MYSELF, CAN I STILL SUE VIZIO, INC. LATER FOR THE SAME THINGS?

No. But you would be able to sue for any other claims you may have.

## 13.    IF I EXCLUDE MYSELF, CAN I STILL GET THE FREE CREDIT?

Exhibit 1 Long Form Class Notice

No.

## THE LAWYERS REPRESENTING YOU

### 14.    DO I HAVE A LAWYER IN THIS CASE?

Yes. The Court decided that the law firms of The Spencer Law Firm and Lakeshore Law Center are qualified to represent you and all Class Members. Together, the law firms  are called "Class Counsel." They are experienced in handling similar consumer rights  cases. More information about these law firms, their practices and their experiences is  available at www.spencerlaw.net. and www.lakeshorelaw.org.

### 15.    SHOULD I GET MY OWN LAWYER?

You do not need to hire your own lawyer because Class Counsel is working on your behalf as a member of the class. But, if you want your own lawyer, you will have to pay that lawyer.

### 16.    HOW WILL THE LAWYERS AND PLAINTIFF BE PAID?

Class Counsel will ask the Court for attorneys' fees and expenses of up to $440,000 for over two years of litigation in prosecuting the case. In addition, Class Representative, Kirk Hinshaw, will ask for an incentive award of up to $10,000 for his services on behalf of the Class in successfully prosecuting this lawsuit. The Court may award less than these amounts. VIZIO, Inc. has agreed not to oppose these fees and expenses, or incentive award.

## OBJECTING TO THE SETTLEMENT

### 17.    HOW DO I TELL THE COURT I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement.

To object, you must file a Written Objection or a Notice of Intention to appear at the Fairness Hearing, currently set for October 31,2016 at 8:30 a.m. with the Clerk of the United States District Court, Central District of California, 411 West Fourth Street, Department 9D, Santa Ana, CA 92701.

The Written Objection or Notice of Intention to Appear must be filed by **October 17, 2016** or it will not be valid.

Exhibit 1 Long Form Class Notice

You must also send copies of the Objection or Notice by United States Mail by the above deadline to:

| Plaintiff's Attorneys and Class Counsel:<br>Jeffrey Spencer<br>THE SPENCER LAW FIRM<br>903 Calle Amanecer, Suite 220<br>Telephone:  949-240-8595<br>Facsimile: 949-240-8515<br>Email: jps@spencerlaw.net | Defendant's Attorneys:<br>Ekwan E. Rhow<br>David Hurwitz<br>BIRD, MARELLA, BOXER, WOLPERT,<br>NESSIM, DROOKS, LINCENBERG &<br>RHOW, P.C.<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile: (310) 201-2110 |
|---|---|

Any written objections or notice of intent to appear shall state each specific reason in support of your objection and any legal support for each objection.

## 18.    WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class.  Excluding yourself is telling the Court you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

## 19.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on October 31, 2016 at 8:30 a.m. Department 9D of the United States District Court, 411 West Fourth Street, Santa Ana, California. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Carter will listen to  people who have asked to speak at the hearing. The Court may also decide how much to  pay Class Counsel and the Plaintiff. After the hearing, the Court will decide whether to  approve the settlement. We do not know how long these decisions will take.

## 20.    DO I HAVE TO COME TO THE FAIRNESS HEARING?

No. Class Counsel will answer questions Judge Carter may have. But, you are welcome

Exhibit 1 Long Form Class Notice

to come at your own expense. If you send an Objection, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not required.

## 21.    MAY I SPEAK AT THE HEARING?

If you have previously filed your Notice of Intention to Appear, you may be permitted to speak at the Fairness Hearing. If you have excluded yourself, you will not be permitted to address the Court.

## GETTING MORE INFORMATION

## 22.    ARE MORE DETAILS AVAILABLE?

Visit the website www.viziosettlement.com where you will find the Court's Order Certifying the Class, the Complaint, and a claim form. You may also write to, email or call the Class Counsel Jeffrey Spencer at the contact information listed under item 17 of this Notice. Your communications with the class counsel listed above regarding this action will be confidential.

The pleadings and other records in this litigation may be examined online using the PACER website at https://www.pacer.gov/. Any person can create an account and then use the account to access the docket for this lawsuit and view all court filings. Please follow the instructions at https://www.pacer.gov/psc/hfaq.html.

DO NOT CONTACT THE JUDGE OR THE COURT TO DISCUSS THE LAWSUIT.

BY ORDER OF THE COURT:

Dated: _____, 2016                    by  David O. Carter
                                                 United States District Judge

Exhibit 1 Long Form Class Notice

VIZIO PROVIDES THIS NOTICE PURSUANT TO ORDER OF THE UNITED
STATES DISTRICT COURT

You may be a member of a class action.  As part of a settlement, VIZIO has agreed
to provide you a credit which can be used to purchase or rent movies or television
shows  from Amazon Instant Video.  The credit will be for at least $4.99 and may
be more depending on the number of claims

TO RECEIVE THE CREDIT YOU MUST GO TO:

WWW.VIZIOSETTLEMENT.COM

and fill out a short claim form.  The claim form must be submitted by November 3,
2016 to be valid.

If you do not fill out a claim form fill out the claim form, you may not receive the
credit.

The website also contains detailed information about the lawsuit, which seeks
compensation for consumers who purchased certain VIZIO televisions between
January 1, 2014 and June 23, 2014 that did not stream video from Amazon Instant
Video for a period of time.

IF YOU HAVE QUESTIONS PLEASE CALL 1-800_____
THIS NOTICE WILL ONLY APPEAR TWO TIMES ON YOUR TELEVISION
FOR 30 SECONDS EACH TIME.

Exhibit 2 TV Notice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIRK HINSHAW individually, and on behalf of all persons similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>VIZIO INC. and DOES 1 THROUGH 100, INCLUSIVE,<br><br>            Defendants. | ) **Case No SACV14-00876-DOC (ANx)**<br>)<br>) **CLASS ACTION**<br>)<br>) Hon. David O. Carter<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMARY NOTICE OF PROPOSED
## CLASS ACTION SETTLEMENT

**TO:   ALL PERSONS WHO PURCHASED A VIZIO SMART TELEVISION
BETWEEN JANUARY 1, 2014 AND JUNE 23, 2014**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States

District Court for the Central District of California, that a hearing will be held on

October 31, 2016 at 8:30 a.m. in Courtroom 9D before the Honorable David O.

Carter, United States District Judge of the Central District of California, 411 West

Fourth Street, Santa Ana, CA 92701. (the "Settlement Hearing"): (1) to determine

whether a class action Settlement should be approved by the Court as fair,

reasonable, and adequate; (2) to finally determine whether final judgment should be

entered,; 3) to determine whether the release of claims by the Settlement Class

should be ordered; (4) to consider the application of Plaintiff's Counsel for an award

-1-

Exhibit 3 Publication Notice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of Attorneys' Fees and expenses and for an award to the lead plaintiff; (5) to consider any objections by Settlement Class Members to the Settlement; and (6) to rule upon such other matters as the Court may deem appropriate.

If you purchased a Vizio Smart Television between January 1, 2014 and June 23, 2014 and connected the television to the internet within that time period you may be affected by the settlement of this action.  If the settlement is approved by the Court you may be entitled to compensation.  If you did not receive a Notice of Class Action Settlement via email you can obtain the complete Notice and Claim Form and additional information at the settlement webpage www.viziosettlement.com and can obtain additional information from the claims administrator at 1-800-XXX-XXXX.

If you received the Notice of Class Action Settlement via email you will automatically receive an email with the settlement consideration if the Court approves the settlement.  If you are a member of the class, but did not receive the Notice of Class Action Settlement via email you must submit an online claim form at www.viziosettlement.com no later than **November 3, 2016** establishing you are a class member or you will not receive the settlement consideration. Unless you submit a written request for exclusion you will be bound by any judgment rendered in the Action whether or not you submit a claim.  If you wish to be excluded from the Class, you must submit a request for exclusion in the manner and form detailed in the Notice of Class Action Settlement located at www.viziosettlement.com and

Exhibit 3 Publication Notice

postmarked no later than September 6, 2016.  Any objection to the settlement must be in the manner and form detailed in the Notice of Class Action Settlement located at www.viziosettlement.com and postmarked no later than October 17, 2016.

*The Court*

United States District Court
Central District of California
411 West Fourth Street
Santa Ana, CA 92701

*Counsel for the Settlement Class*

Jeffrey Spencer, Esq.
THE SPENCER LAW FIRM
903 Calle Amanecer, Suite 220
San Clemente, CA 92673
(949) 240-8595
Email: jps@spencerlaw.net

*Counsel for VIZIO, Inc.*

Ekwan E. Rhow, Esq.
David I. Hurwitz, Esq.
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561

If you have any questions about the Settlement, you may call, write or email Settlement Class Counsel:

Jeffrey Spencer, Esq.
THE SPENCER LAW FIRM
903 Calle Amanecer, Suite 220
San Clemente, CA 92673
(949) 240-8595
Email: jps@spencerlaw.net

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

3274255.1

-3-

Exhibit 3 Publication Notice

1

**REGARDING THIS NOTICE.**

2

3    DATED: _____        _____

4                                                     BY ORDER OF THE UNITED STATES
                                                      DISTRICT COURT FOR THE

5                                                     CENTRAL DISTRICT OF CALIFORNIA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 3 Publication Notice

## VIZIO SETTLEMENT CLAIM FORM

If you purchased a Vizio Smart TV any time from January 1, 2014 to June 23, 2014 and connected your TV to the internet during that time period, you may be eligible to receive benefits from the settlement of a class action lawsuit.  You need to submit this Claim Form if you want to receive a $4.99 credit for use on Amazon Instant Video.  The deadline to submit a claim is November 3, 2016. Claims submitted after that date will be invalid.

**Please Complete Each** Section **below In The Spaces Provided.  If the claim form in not filled out completely your claim will not be accepted.**

| SECTION 1 – CONTACT INFORMATION | |
|---|---|

| | |
|---|---|
| Name: (First/Last) | |
| Street Address | |
| City State, Zip Code | |
| Phone Number | |
| Current E-Mail Address | |
| Email address associated with Amazon Account (optional) | |

| SECTION 2 – VIZIO TV INFORMATION | |
|---|---|

| | |
|---|---|
| VIZIO TV Serial Number | |

**TO BE VALID, THE CLAIM FORM MUST INCLUDE YOUR TV's SERIAL NUMBER.**

**To find your TV Serial Number:**
      1.  **Press Menu on the remote.**
      2.  **Select "System" then press the OK button.**
      3.  **Go to "System Information" and press the OK button.**
**Your TV's serial number will be on the System Information page.**

**If you are not able to find the serial number on the TV screen, you can find it on a sticker on the back of the TV.  This sticker may be on either the right or left side, depending on the model; but is normally located in the lower half of the back of the TV.**

Exhibit 4 Claim Form

| SECTION III – AFFIRMATION |
| --- |
| I hereby affirm, under penalty of perjury, that the information I have provided in this Claim Form is true and correct to the best of my knowledge and this is the only VIZIO Claim Form that I have submitted.  I further understand, acknowledge, and agree that I am eligible to receive only **ONE** credit from this Settlement.  I further understand, acknowledge, and agree that the amount I will receive shall be subject to the terms of the Settlement Agreement, including the release of claims.<br><br>[ELECTRONIC SIGNATURE/AFFIRMATION] |

Click here to submit ___

3267905.1

2

Exhibit 4 Claim Form

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11 | KIRK HINSHAW, individually, and on behalf of all persons similarly situated,

12 Plaintiff,

13 vs.

14 VIZIO, INC., and DOES 1 through,

15 100, inclusive.

16

17 |

CASE NO. SACV14-00876-DOC (ANx)

CLASS ACTION

**[PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

Assigned to Hon. David O. Carter

18     This matter has come before the Court for (1) certification of a Settlement

19 Class pursuant to the terms of an Amended Settlement Agreement dated June 9,

20 2016 (the "Agreement"); (2) preliminary approval of the Settlement; and (3)

21 approval of the Plan of Notice to members of the Settlement Class of the Settlement.

22     The Court hereby ORDERS that (1) the Settlement Class is certified for

23 purposes of settlement; (2) the Settlement is Preliminarily Approved; and (3) the

24 Plan of Notice is approved.

25     Certification of the claims advanced by the Settlement Class will achieve a

26 definite and certain result for the benefit of the Settlement Class and is preferable to

27 continuing litigation in which the Settlement Class would necessarily encounter

28 substantial risk, uncertainty, delay, and cost. This Order is entered exclusively for

3256504.1

this Settlement purpose. Capitalized terms in this Order shall have the same meanings as set forth in the Agreement.

Preliminarily, this Court finds that the following terms and conditions shall apply to this Order:

1.     This Order includes a conditional class certification for Settlement purposes only.

2.     The Agreement pursuant to which this Order is entered contains a claims process by which members of the Settlement Class may receive a customer credit redeemable through Amazon Instant Video as provided for in the Agreement.

3.     If for any reason this Court does not finally approve the Agreement, or if the Settlement Effective Date as defined in the Agreement does not occur, the conditional certification of the Settlement Class shall be deemed null and void without further action by this Court or any of the Parties. In such circumstances each Party shall retain all of its respective currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23 or any other California State or Federal Rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

4.     Plaintiff and VIZIO have agreed that, other than to effectuate and enforce the Settlement of this Litigation as between the Settlement Class Members and VIZIO, the certification of the Settlement Class for settlement purposes and all documents related thereto, including the Agreement and all accompanying exhibits and all orders entered by the Court in connection with the Agreement, are not intended to be otherwise admissible as evidence in this Litigation, and are not intended to be used in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum or other proceeding.

5.     In accordance with the foregoing terms, conditions, and purpose, and in accordance with Section 5.1 of the Agreement, this Court ORDERS that the

1  Settlement Class be certified as follows:

2          All persons residing in the United States who purchased a
3          VIZIO television between January 1, 2014 and June 23,
           2014 and were unable to access streaming content from
4          Amazon Instant Video after connecting the television to
5          the internet.

6          6.      Named Plaintiff Kirk Hinshaw is hereby appointed as the Class
7  Representative.

8          7.      Jeffrey Spencer of the Spencer Law Firm and Jeffrey Wilens of
9  Lakeshore Law Center are hereby appointed as Class Counsel.

10         8.      The claims certified pursuant to this Order consist of claims arising
11 from the conduct referred to in the Litigation, as those terms are defined in the
12 Agreement, irrespective of the particular common law, statutory, or equitable
13 doctrine or theory advanced in support of the claim or claims.

14         9.      With respect to the Settlement Class, and solely for the purposes of
15 effectuating the Settlement, this Court finds and concludes that the requirements of
16 Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied.

17         10.     The Settlement Class meets the requirements of Rule 23(a) of the
18 Federal Rules of Civil Procedure as follows:

19         a. Members of the Settlement Class are sufficiently numerous that
20 joinder of all members would be impracticable.

21         b. The claims of the Class Representatives are typical of the claims of
22 the members of the Settlement Class they represent.

23         c. There exist questions of law or fact that are common to the claims of
24 members of the Settlement Class.

25         d. The Class Representatives and Class Counsel will fairly and
26 adequately protect the interests of the members of the Settlement Class.

27         11.     The Settlement Class meets the requirements of Rule 23(b)(3) of the
28 Federal Rules of Civil Procedure as follows:

EXHIBIT 5 [PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION AND
PRELIMINARY APPROVAL

1        a. Questions of law or fact common to the claims of the Settlement

2   Class predominate over any questions affecting only individual members of the

3   Settlement Class.

4        b. A class action is superior to other available methods for fairly and

5   efficiently adjudicating the controversy.

6        12.   Upon review of the record and the Agreement, the Court finds that the

7   proposed Agreement, under which VIZIO has agreed to create a non-reversionary

8   Settlement Fund with a value of $2,346,340 (The Gross Settlement Fund, "GSF")

9   which shall be composed of both a Cash Component and a Credit Voucher

10   Component which provides customer credits redeemable through Amazon Instant

11   Video in return for a release of all claims as set forth in the Agreement, was arrived

12   at after extensive arm's length negotiations with the assistance of a mediator falls

13   within the range of possible approval; and is hereby preliminarily approved, subject

14   to further consideration at a final fairness hearing to be scheduled at a later time.

15        13.   The Court appoints CPT Group, Inc. as Claims Administrator, with

16   responsibility for class notice and claims administration.

17        14.   The Court finds the form, timing and manner of giving notice to the

18   Settlement Class as set forth in the Agreement fully satisfies the requirements of

19   Rule 23 of the Federal Rules of Civil procedure, the Due Process Clause of the

20   United States Constitution, and any and all other applicable laws, constitutes the

21   best notice practicable under the circumstances, and shall constitute due and

22   sufficient notice to all persons entitled thereto.  The Court approves the forms of the

23   Long Form Notice, TV Notice, Publication Notice and Claim Form attached to the

24   Agreement as Exhibits 1 through 4 respectively.

25        15.   Notice shall be issued expeditiously pursuant to the plan of notice in

26   the Agreement. The Claims Administrator shall provide notice via email by July 6,

27   2016 (20 days following the entry of this Order).

28        16.   VIZIO will transmit a message to the Settlement Class Members via the

EXHIBIT 5 [PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION AND
PRELIMINARY APPROVAL

internet directly to their televisions (the "TV Notice"). The TV Notice will be displayed a total of two times, with the first phase of the TV Notices commencing within 20 days of entry of a Preliminary Approval Order, and the second phase commencing five days thereafter. The two phases of the Television Notice will be completed by July 29, 2016.

17.     The Claims Administrator shall cause notice to be published in the USA Today by July 6, 2016 (20 days of the entry of this Order).

18.     The Claims Administrator shall post the Long Form Notice, online claim form and case related materials on the settlement website by July 1, 2016.

19.     The Settlement Class Members have up to September 6, 2016 to opt out (62 days from the date email notice is sent).

20.     The Court sets a Hearing on the Motion for Final Approval of the Settlement for October 31, 2016 at 8:30 a.m. Plaintiff shall file a Motion for Final Approval of the Settlement and for Attorney's Fees and Costs by October 3, 2016 (28 days before the Final Approval Hearing date). Any Opposition or Objections shall be filed by October 17, 2016.  Replies to any Opposition or Objections shall be filed by October 24, 2016.

DATED:  _____, 2016

_____
Hon. David O. Carter

EXHIBIT 5 [PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION AND
PRELIMINARY APPROVAL