JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIRK HINSHAW, individually, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO, INC., and DOES 1 through, 100, inclusive. | CASE NO. SACV14-00876-DOC (ANx)<br><br>CLASS ACTION<br><br>**FINAL JUDGMENT [62]**<br><br>Assigned to Hon. David O. Carter |

This matter came before the Court on Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion").

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Named Plaintiff on the one hand, and Defendant VIZIO, Inc. ("VIZIO") on the other hand, (the "Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined herein;

WHEREAS, on June 16, 2016, the Court entered its order preliminarily approving the Settlement of this class action as between the Named Plaintiff, on the one hand, and VIZIO, on the other hand, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court

pursuant to Rule 23(d) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Court later directed that all Settlement Class Members be given notice of the Settlement, and approved the form and method of notice, and of the date for the final fairness hearing;

WHEREAS, the Court has received declarations of the notice and claims administrator CPT Group and Vizio Inc. attesting to the e-mailing, TV and publication of the Notice in substantial accordance with the Preliminary Approval Order;

WHEREAS, the Court entered a Conditional Class Certification Order on June 16, 2016 that reflects the claims certified for Settlement purposes and the scope of the Settlement Class;

WHEREAS, the Court having considered all timely filed objections to the Settlement; and;

WHEREAS, the Court having conducted a final fairness hearing on October 31, 2016 (the "Settlement Approval Hearing"), and having considered the arguments presented, all papers filed, and all proceedings had therein;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action, all Settlement Class Members, and VIZIO.

2. In accordance with Rule 23(d) of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Agreement, the Agreement, the arguments of counsel, and all the files, records, and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the

circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Approval Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3. The Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects; it resulted from vigorously contested litigation, discovery and motion practice and extensive good-faith arm's length negotiations between the parties; and it is in the public interest. In making this determination, the Court has considered and balanced several factors, including the following factors identified by the Ninth Circuit Court of Appeals:

(a) the strength of the plaintiffs' case;

(b) the risk, expense, complexity, and likely duration of further litigation;

(c) the risk of not attaining certification of a litigation class, as well as the risk of maintaining class action status throughout the course of the litigation;

(d) the amount offered in settlement;

(e) the extent of discovery completed, and the stage of the proceedings;

(f) the experience and views of counsel; and

(g) the reaction of the class members to the proposed settlement.

*See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

4. The required CAFA notices were mailed to state and federal authorities and there has been no response. There is no government participant in this litigation.

5. The Final Approval Motion is hereby GRANTED, and the Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Agreement are hereby determined to be fair, reasonable, adequate,

and for the exclusive benefit of the Settlement Class Members. The Parties to the Agreement are directed to consummate the Agreement in accordance with its terms.

6. The Court FINDS that the following Settlement Class, conditionally certified on June 16, 2016, meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) and such certification is hereby made final:

> All persons residing in the United States who purchased a VIZIO television between January 1, 2014 and June 23, 2014 and were unable to access streaming content from Amazon Instant Video after connecting the television to the internet.

7. Excluded from the Settlement Class are those persons eligible for membership in the Settlement Class who timely submitted valid requests for exclusion and are not bound by this Judgment, and are not entitled to any recovery from the settlement proceeds obtained through the Settlement. The six (6) persons who submitted valid requests for exclusion and are excluded from the Settlement Class are: Yvette Bartle, Michael Gewe, Laurie Hunter, Tanya Marsh, Thomas Thor and Anthony Wheeler.

8. The Court APPROVES payment of the settlement consideration in accordance with the terms of the Agreement. Each participating class member will receive a free credit/voucher that can be used to purchase any content (television shows or movies) on the Amazon Instant video service. The value of this aspect of the settlement is $1,826,340, and this amount will be distributed to participating class members on a pro rata basis. The credits will not expire. The Claims Administrator is directed to send the credit/voucher to the participating Class Members.

9. The Court APPROVES payment of an Incentive Payment to the Named Plaintiff, Kirk Hinshaw in the amount of $10,000. The Court finds that Plaintiff Kirk Hinshaw has performed the duties of a class representative with the required level of

diligence and loyalty, has expended significant time assisting in the prosecution of the lawsuit, and therefore is entitled to receive the incentive award. The Settlement Administrator is directed to pay Plaintiff Kirk Hinshaw the amount of the incentive award within five (5) business days.

10. The Court APPROVES payment of Attorneys' Fees and litigation costs in the amount of $440,000 in accordance with the terms of the Agreement. The Court finds the value of the cash and non-cash (credit/voucher) components of the settlement is $2,346,340. The Court finds that the fees should be calculated using the benchmark 25% of the settlement value approach approved in the Ninth Circuit, and that there is no reason for an upward or downward revision to that benchmark. Class Counsel have agreed as part of the settlement to limit their fee and cost request to $440,000 representing approximately 19% of the settlement award.

11. The Court has also applied the lodestar approach as a cross-check to the fees that would be awarded using the benchmark approach. Class Counsel have submitted contemporaneous time records showing that as of October 3, 2016 (and therefore not counting any work done thereafter including with respect to appearing for this hearing), they have expended over 556.50 hours in the successful prosecution of this lawsuit.

12. The Court finds that both attorneys Jeffrey Wilens and Jeffrey Spencer have experience in prosecuting class actions, and that Mr. Wilens is a 30-year attorney and Mr. Spencer is a 20-year attorney. Both attorneys are seeking to be compensated at the hourly rate of $700 and they have presented evidence of their experience and qualifications as well as a recent court order from the United States District Court for the Central District of California approving compensation for them at $700 per hour. The Court is familiar with the prevailing market rate for attorneys handling complex litigation matters in the Central District who have comparable levels of experience and finds that $700 is consistent with that rate. Therefore, the Court approves the hourly rate of $700 for attorney Jeffrey Wilens

1 and $700 for attorney Jeffrey Spencer.

2       13.    Accordingly, the Court hereby awards Class Counsel $440,000 in attorney's fees and costs to be allocated pursuant to their existing arrangements. The Settlement Administrator is directed to pay this amount to Class Counsel within five (5) business days.

      14.    In consideration of the Class Settlement Amount, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Settlement Class Members Released Claims in accordance with the Agreement; shall have covenanted not to sue VIZIO with respect to all such Settlement Class Member Released Claims; and shall be permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any such Settlement Class Member Released Claim against VIZIO.

      15.    As of the Effective Date, Plaintiff and each Settlement Class member acknowledges full satisfaction of all Settled Claims and release, acquit, and forever discharge VIZIO of and from any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that (1) were asserted in the Litigation or (2) are based upon, arise out of or reasonably relate to the inability of the Settlement Class Members to receive streaming video from Amazon Instant Video for a period of time, whether such claims are now known or unknown to the Plaintiff or the Settlement Class Members (the "Released Claims").

      16.    With respect to the Released Claims only, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the

provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides: a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with debtor.

17. This Judgment is the Final Judgment in the suit as to all Settlement Class Member Released Claims.

18. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Incentive Payments, the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

19. In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiff, Settlement Class Members, and VIZIO.

20. The Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

DATED: November 15, 2016

*David O. Carter*
Hon. David O. Carter